The opinion of the court was delivered by
Gibson, J.
There is no surer rule than that the jury must dispose of all the issues; and for my own part I see no difference in this respect, between issues that are affirmative as respects the party who obtains the verdict, and those that are negative. It is necessary to show that every allegation material to the cause, has been considered and determined, and this whether it were made on the one part or on the other. The English practice requires a particular finding of each issue, although the rule is not of universal application; and, where the truth will warrant it, an issue taken on the plea of plene administravit is to be disposed of by finding a particular amount of assets unadministered in the hands of the executor. But as the plaintiff is not interested in proving assets beyond the amount of his demand, it is not usual to find the whole of what is unadministered, but only a sum sufficient to cover what is found due. By our practice, which is more loose than the English or that of almost any other state, it is unusual to pass on all the issues in the cause separately, (although in cases like the present, I admit it has been usual to find the amount of the assets specially,) but a general finding for the plaintiff is considered as equi *40 valent to an express negative to each particular plea. Why then shall we not treat this verdict as a finding of assets to the value of the demand? Amendments may be made here as fully as in the Circuit Court; or if the verdict be amendable at all, we are to consider it as already amended. Now it is reasonable to intend that the jury went on the ground that assets to the value of the demand were proved; else they would never have found for the plaintiff generally. This intendment is not a jot more strained than that in Hawks v. Crofton, (2 Burr. 698,) where, on “ not guilty son assault demesne,” the jury found the defendant “ guilty of the trespass within written” without noticing the plea of son assault; on which Lord Mansfield held that where the intention of the jury is manifest, the court will set right mere matter of form and give judgment on the substantial finding; and both Foster and Wilmot, Js., said the jury could not have found thus unless the defendant had failed in proving his special plea. Is not this exactly our case? To the same effect is Thompson v. Burton, (14 Johns. 84,) where the jury found against the defendant in replevin without particularly noticing an avowry on which issue was joined. If then the ancient practice in this respect, has been relaxed in England and the state of New York, where an attention to form is more rigidly enforced, there would be an affectation of precision in refusing to sus’tainsueh a verdict here. There is no question as to the merits; and we could not, with any show of propriety, arrest the judgment on ground so purely technical as that on which this motion is founded.
Appeal dismissed, and judgment for the plaintiff.