# Huston *against* Wilson.

In replevin, where the plea was property, the jury found "for the defendant 28 dollars and 75 cents," and the court below, striking out the 28 dollars and 75 cents, entered judgment *de retorno habendo* and awarded execution for costs. *Held,* that such verdict was a finding for the defendant, generally, with damages for the detention.

ERROR to the common pleas of *Alleghany* county.

The plaintiff in error was plaintiff below, and instituted an action of replevin against the defendant for one sorrel horse of the value of 150 dollars. The property was replevied. The defendant pleaded property and claimed the horse under a purchase at constable's sale, by virtue of an execution issued by the defendant against a former owner. The jury rendered a verdict "for the defendant, 28 dollars and 75 cents." A motion was then made by the plaintiff for a new trial. This motion was overruled, and judgment *de retorno habendo,* and that defendant have leave to take out execution for a return of the goods and costs was entered.

Errors assigned.

1. The verdict of the jury is void for uncertainty; it is contrary to law.

2. The judgment of the court is contrary to law.


*Watts,* for plaintiff in error.

A jury must answer the whole issue; otherwise their verdict is bad. Kerr *v.* Hawthorn, 4 *Yeates* 295. The court will not amend the verdict unless on sure grounds. Gerard *v.* Stiles, 4 *Yeates* 1. In

[Huston v. Wilson.]

an action for freight and damage, a verdict in the following words, "we find for the plaintiff, and are of opinion that the plaintiff has already received out of the property of defendant payment in full of the amount of the freight," was set aside for uncertainty. Diehl et al. *v.* Evans, 1 *Serg. & Rawle* 367. A verdict is bad if it vary from the issue in a substantial manner, or if it find only part of the issue. Patterson *v.* The United States, 2 *Wheat.* 221; 1 *Mason* 153. When goods are delivered to the plaintiff, and the defendant pleads property and it is found for him, the verdict ought not to be for damages for the value, but a general finding for the defendant, and damages for the detention. Easton *v.* Worthington, 5 *Serg. & Rawle* 130; upon which the court will enter a judgment *de retorno habendo.* The moulding of the judgment into form, by the court, in the case just referred to, is based upon what appeared to be the manifest intention of the jury; on the ground too, that the verdict was on the whole issue. The plastic hand of the court can only fashion the work of the jury, while it must avoid doing violence to it. It can neither render certain what is uncertain, nor give substance to shadows. Much more dangerous would it be for the court to take into their own hands the province of the jury. In the present case it would be iniquitous under the finding of the jury, to allow the defendant to compel the plaintiff to restore the horse of the value of 150 dollars, when the jury have said he should only have 28 dollars and 75 cents. You cannot, by any grammatical construction, make the verdict of the jury mean what it is interpreted by the court below. Upon a verdict or award finding for the defendant six cents damages and six cents costs, the defendant cannot take out a *retorno habendo* for the amount of suit. The jury must, under the statute 17 *C.* 2, *c.* 7, and the uniform practice of Pennsylvania, find the amount of rent due. Howard *v.* Johnston, *Ms. in the Com. Pl. of Philadelphia,* 1820; *Whart. Dig.* 520. The rejection of the 28 dollars and 75 cents as damages by the court, negatives the idea that it was the intention of the jury to find generally for the defendant, with damages for the detention.

*Metcalf,* for defendant in error, contended, that the finding of the jury was intended to be for the defendant, and 28 dollars and 75 cents damages. If so, the court have done injustice to the defendant in striking out the money. But they, on the motion for a new trial, thought the jury intended it as the value of the horse and struck it out. They had a right to mould the verdict. 2 *Penn. Pr.* 176.

PER CURIAM.—The rule for cases like the present, laid down in Easton *v.* Worthington, is to find the issue of property generally for the defendant, with damages for the detention. The objection here is, that general damages are found, and it is uncertain whether for the value or the detention. But to find "for the defendant 28 dol-

lars and 75 cents," on the plea of property, is to find the issue for him, generally, with damages for the only matter within the scope of their inquiry, the detention.   It is not to be presumed that the jury were uninstructed in the nature of their duties, or the course to be pursued; and the intendment in favour of the regularity of their verdict, is no more than a reasonable one.

Judgment affirmed.