## Stewart *against* M'Minn.

Where a voluntary assignment for the benefit of creditors becomes void in consequence of not being recorded within thirty days, moneys in the hands of assignees, the proceeds of the assigned property, as well as debts outstanding and uncollected, are subject to an attachment of execution at the suit of creditors not coming in under the assignment.

But the assignees are not liable in such attachment for moneys collected and paid over before the attachment in pursuance of the assignment.

ERROR to the District Court for the city and county of *Philadelphia.*

This was an execution in the nature of a foreign attachment under the 35th section of the Act of 16th June 1836, relating to executions, in which Alexander T. Stewart and Edward E. Mitchell, trading as A. T. Stewart & Co. were plaintiffs, George W. M'Minn defendant, and Arthur Thatcher and William Stevens, garnishees. The following case was stated for the opinion of the court below, with a right to either party to take a writ of error:

[Stewart v. M'Minn.]

On the 20th of January 1838 the plaintiffs obtained judgment against George W. M'Minn, in an action brought in the District Court to December term 1837, No. 543, for want of an affidavit of defence, and damages were assessed at $1223.21. On the 24th of January 1838, an attachment sur execution was issued, returnable on the first Monday of March 1838, viz., the present case, Arthur Thatcher and William Stevens, garnishees. On the 25th of January 1838 this attachment sur execution was duly served on said garnishees. On the 24th of March 1838, the garnishees answered, after interrogatories filed, that said M'Minn, defendant as above, executed a voluntary assignment for the benefit of his creditors (with certain preferences to them the said garnishees) as assignees, and that, they have acted as such assignees since the assignment. Assignment dated June 5, 1837; recorded December 1, 1837. That under the said assignment they received $4603.40 of the estate of George W. M'Minn, in cash, up to the time of their answering (viz. March 12, 1838), and distributed under the same $4213.46 to the releasing creditors (the plaintiffs never having released) besides expenses, having at the time of the service of the attachment $109.31. That there were debts still due them as assignees, at the time of the answer, to the amount of $1361.14. Plaintiffs ask for judgment against the said garnishees to the amount of the judgment against M'Minn, viz. $1223.21, with interest from January 20, 1838. 1. Because it appears from the answers of the garnishees that they had in their hands at the time of the service of the writ of attachment $109.31 in cash, besides claims to the amount of $1361.14, which amounts belonged to M'Minn, because his assignment to them was void for want of being recorded in time, viz. date of assignment, June 5, 1837, recorded December 1, 1837, more than thirty days. 2. Because the said garnishees are also accountable in this suit for the whole $4603.41 which came into their hands, but of which $4213.46 were wrongfully paid out by them, they having no authority to do so, inasmuch as the said assignment was and is null and void. The Act of 1836, relative to voluntary assignments, was in all respects complied with by the garnishees who entered security as assignees, &c.

The court below entered judgment for the defendants; and the plaintiffs took this writ of error.

*Hood,* for plaintiffs in error, contended that the sections of the Act of June 16, 1836, which relate to attachments of execution, do not require that the defendant's interest in the property attached should be such as to render it strictly a 'debt due by the garnishees to the defendant. *Flanagin* v. *Wetherill,* (5 *Whart.* 280); *Englebert* v. *Blanjot,* (2 *Whart.* 240); Act of March 24, 1818, sect. 5; Act of June 16, 1836, sects. 35, 37, 38; Act of June

v. — 1 *

13, 1836, sects. 54, 60 ; *Dwarr. Stat.* 688, 689, 691, 696, 699, 703, 704.

Even if that were necessary, in the present case the garnishees were indebted to the defendant.   The omission by the assignees duly to record the assignment was a breach of trust, and, in equity, a breach of trust creates a debt from the trustee to the *cestui que trust,* viz. to the creditors and assignor.   *Ram on Assets* 12 ; 2 *Story's Eq.* 526 (*2d ed.*) ; 2 *Madd. Chan.* 131.   In *Crabb* v. *Jones,* (2 *Miles* 130), the District Court admit that the Act speaks of a debt due to the defendant " without limitation as to its nature."

*Chester,* for the defendants, relied on the words of the 35th and 22d sections of the Acts of June 16, 1836, as requiring that there should be a subsisting debt due by the garnishees to the defendant at the service of the attachment, and contended that the Act of 24th March 1818, requiring assignments to be recorded, had been superseded by the Act of June 14th 1836, relating to assignees. At all events, the moneys paid over are exempted.   In *Wakeman* v. *Grover,* (4 *Paige* 23, 42), it was decided that if the assignees under an assignment that is fraudulent in law, pay over the proceeds of the assigned property, in pursuance thereof, before any other creditors obtain a general or specific lien on the assigned property, the other creditors cannot compel the assignees to account to them for such proceeds.

The opinion of the Court was delivered by

SERGEANT, J.—The assignment, not being recorded within thirty days, was null and void, as against creditors, by the 5th section of the Act of 24th March 1818.   Funds remained in the hands of the assignees at the time of the attachment, not paid over, consisting of money in hand $109.31, and debts to the assignees as such, not collected, $1361.14 : the rest they had paid over to creditors under the assignment.   The 35th section of the Act of the 16th June 1836, relating to executions, authorizes an attachment of execution to be levied on any debt due by the defendant, or money deposited by him; and the question is, whether these funds fall within the provisions of the Act.   Although the assignment is null and void against creditors, yet it is good as between the assignor and assignees : the assignor, therefore, not being able to demand the funds, they are not, it is contended, a debt due to him.   If we are bound down to the rigid letter of the Act, this position may, perhaps, be true.   But we think we must look at the spirit of the Act giving the attachment, and endeavour to effectuate its design and object : and these were to enable creditors to reach funds belonging to the debtor which could not be seized on a *fieri facias,* but were in the hands of a third person, such as debts and other choses in action, goods pawned, &c. ; and that for the benefit of the creditors, and to give them a remedy, the funds in hand or

uncollected may be considered as debts due to the assignor. Indeed, if it were not so the creditors would not be able to reach them, and the assignment would, so far, be rendered valid as to creditors, notwithstanding the express enactment of the law to the contrary. In *Flanagin* v. *Wetherill*, (5 *Whart.* 280), moneys in the hands of assignees held under an assignment which became void by not being duly recorded, were levied on by foreign attachment at the suit of a creditor, as the property of the assignor; being so treated as respected the creditors; and on the same principle these funds may, for the benefit of the creditors, be treated as debts due to the assignor. We are, therefore, of opinion that the money in the hands of the garnishees ($109.31), as well as the debts due to them ($1361.14), were subject to this attachment; and that judgment should be rendered against them for the amount of the plaintiff's judgment with interest and costs, to be discharged from the moneys in their hands and from the moneys received or coming into their hands from the debts.

As to the moneys paid over to creditors under the assignment before the attachment, we think they are not chargeable, it being done before the attaching creditors obtained a lien or took measures which legally arrested the proceedings of the assignees. Acts done and completed under the assignment could not be revoked, nor the assignees made liable for proceeding in the regular discharge of what, so far as appeared, was their duty.

Judgment reversed, and judgment for the plaintiff accordingly.