# Driesbach *versus* Becker *et al.*

An agreement in writing with certain creditors that they will accept a composition of forty per cent. in full of their respective claims, and that their debtor shall convey all his real and personal property to a third person, who is to pay the forty per cent. as agreed upon; and an absolute conveyance accordingly; constitute together an assignment in trust for creditors within the meaning of the Act of 1818; and must be recorded together within thirty days in the proper county; otherwise, they are void against the other creditors of the assignor.

The proceeds of property in the hands of an assignee in trust for the benefit of creditors, under an unrecorded assignment, are liable to be attached at the suit of any of the creditors of the assignee, by process of attachment execution.

ERROR to the Common Pleas of *Snyder county*.

This was an attachment execution issued on a judgment in favour of Becker & Dell against Daniel J. Bogar, which was served on George Driesbach as garnishee.

In the latter part of the year 1855, Daniel J. Bogar, finding himself in embarrassed circumstances, entered into an arrangement with his Philadelphia creditors that they should take forty

[Driesbach *v.* Becker *et al.*]

per cent. in full of their respective claims; and that Bogar should convey all his property, real and personal, to George Driesbach, his brother-in-law, who should pay the forty per cent. agreed upon. This agreement was afterwards reduced to writing, and signed by all the Philadelphia creditors, except the plaintiffs.

On the 20th November 1855, Daniel J. Bogar and wife, in order to carry out the arrangement, executed a deed, conveying to Driesbach, for a nominal consideration, all his property, real and personal, without exception or reserve. Neither the agreement nor the deed were recorded within thirty days, as provided by the Act of 1818.

Driesbach sold the property, collected the debts, paid the signing creditors their forty per cent., and, at the time the attachment was laid, had in his hands a sufficient sum to pay the amount of the plaintiffs' judgment against Bogar.

Tho court below (WILSON, P. J.) instructed the jury, *inter alia*, that the money remaining in the hands of Driesbach was liable to the plaintiffs' attachment; to which the garnishee excepted, and a verdict and judgment having been rendered for the plaintiffs, he removed the cause to this court, and here assigned the same, *inter alia*, for error.

*Merrill* and *Slenker*, for the plaintiff in error.

*Miller* and *Swineford*, for the defendants in error.

The opinion of the court was delivered by

READ, J.—Daniel J. Bogar, being in embarrassed circumstances, made an arrangement with certain of his Philadelphia creditors, by which they were to take forty per cent. in full of their respective claims; and Bogar was to convey all his property, real and personal, to his brother-in-law, George Driesbach, who was to pay the forty per cent. as agreed upon. This agreement was afterwards reduced to writing, and signed by all the Philadelphia creditors, except the plaintiffs, Moses Becker and Joseph Dell. This agreement is not set forth in either paper-book, and was not exhibited to us.

Bogar and wife, to carry out this agreement, on the 20th November 1855, executed a deed conveying to Driesbach, for a nominal consideration of $5000, all his, Bogar's, property, without any reserve, consisting of a house and lots therein described, and all his personal property of whatsoever nature or kind, including all his stock of store goods, books, book accounts, notes, &c., without any exception or restriction, on account of what is commonly called the exemption law.

This case falls clearly within the principle laid down in Lucas *v.* The Sunbury and Erie Railroad Company, 8 *Casey* 458, and

[Driesbach *v.* Becker *et al.*]

these two instruments must be considered as an assignment by a debtor in failing circumstances, of his property, to a trustee, to pay certain creditors. "We have here property, a trustee, a trust, and creditors of an insolvent who are to take under it."

Both these papers, as constituting the assignment, should have been recorded within thirty days, in the county of Snyder, where the assignor resided; but neither of them was so recorded, and therefore became null and void as against creditors.

The assignee, Driesbach, went on, sold the real and personal property, collected debts, and paid the signing creditors their forty per cent.; leaving in his hands a sufficient sum to pay the judgment, obtained by Becker & Dell against Bogar, and upon which an attachment execution had been issued, and Driesbach served as one of the garnishees.

Upon the trial, the jury found a verdict for the plaintiffs against Driesbach, under the charge of the court, for the whole amount, he having sufficient moneys in his hands to answer it. The only real question in the cause, was, whether an attachment execution covered the moneys thus remaining in the hands of Driesbach. This court decided, in the case of a foreign attachment, under similar circumstances, in Flanagin *v.* Wetherill, 5 *Wharton* 280, and Watson *v.* Bagaley, 2 *Jones* 164, that moneys so collected by an assignee, under an unrecorded assignment, were liable to attachment by a creditor of the assignor; and the same has been applied to an attachment execution, in Stewart *v.* McMinn, 5 *W. & S.* 100.

These moneys were, therefore, properly attached, and the verdict and judgment upon it were in strict accordance with the truth and justice of the case.

This view renders it unnecessary to examine into the various assignments of error, which become entirely immaterial.

                                        Judgment affirmed.


WOODWARD, J., dissented.   STRONG, J., was absent.