## The Pennsylvania Railroad Company *versus* Gorsuch.

1. Where a report of viewers to assess damages has been made, exceptions filed by both parties and the court has entered judgment upon the award, this judgment is a final adjudication of the controversy until set aside by the court or reversed by writ of error.

2. The railroad company obtained the appointment of viewers to assess certain alleged damages to G., in the construction of their road.   When the viewers made their award the company and the claimant both filed exceptions and the latter appealed, although no appeal was allowed under the Act of 1846 and its supplements, incorporating the railroad.   The court on the 16th of June 1874 overruled the exceptions of both parties, quashed the appeal and entered judgment on the award.   On the 13th of June 1874 an Act of the General Assembly was approved, allowing appeals in proceedings of this kind, and on the 17th of June 1874 the claimant appealed from the award, under the provisions of this act.   The company asked the court to strike off this appeal which was refused, and the case proceeding to trial, resulted in a verdict for the plaintiff largely in excess of the award of viewers. *Held*, reversing the court below, that the appeal under the Act of 1874 and all the proceedings thereafter were erroneous.

May 29th 1877.   Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON, WOODWARD and STERRETT, JJ.

Error to the Court of Common Pleas of *Blair county :* Of May Term 1877, No. 120.

The proceedings in the court below were these : The Pennsylvania Railroad petitioned the Court of Common Pleas for the appointment of viewers to assess the damages sustained by the construction of their road through the lands of Harrison Gorsuch, in pursuance of the Act of 27th of March 1848.   On the 28th of January 1874, the court appointed said viewers, who on the 16th of March awarded Gorsuch, the claimant, $645 damages.   Both parties filed exceptions, the claimant, on the ground that the viewers were appointed under

the Act of Assembly incorporating the Pennsylvania Railroad and its supplements, wherein no appeal is provided, and that by reason thereof the act is unconstitutional and the appointment of the viewers void. On the 8th of April following, however, the claimant also appealed from the award of viewers. On the 16th of June 1874, the court overruled the exceptions, quashed the appeal of claimant and ordered judgment to be entered upon the award. Three days before, on the 13th of June 1874, an act entitled, " An Act for further regulation of appeals from assessments of damages to owners of property taken for public use," became a law, and on the 17th of June, the day after judgment had been entered by the court, the plaintiff entered an appeal, claiming the right to do so under this act, the provisions of which are as follows :—

" Sect. 1. That in all cases of damages assessed against any municipal or other corporation, or individual or individuals, invested with the privilege of taking private property for public use, for property taken, injured or destroyed by the construction or enlargement of their works, highways or improvements, whether such assessment shall have been made by viewers or otherwise than upon a trial in court, and an appeal is not provided for or regulated by existing laws, an appeal may be taken by either party to the Court of Common Pleas of the proper county, within thirty days from the ascertainment of the damages, or the filing a report thereof in court, pursuant to any general or special act and not afterwards.

" Sect. 2. (This merely prescribes the requisites, such as affidavit, &c.)

" Sect. 3. That any party entitled to an appeal under the 8th section of the 16th article of the constitution, or who would be entitled to an appeal in any future case under this act, under the same circumstances, shall have the right to take an appeal from any assessment of damages, or re-assessment or ascertainment thereof as aforesaid, made or filed on or after the 1st day of January of the present year, and before the passage of this act ; but such appeal shall be taken within thirty days after the passage of this act, and in conformity with the second section thereof."

The plaintiff assumed to take an appeal because the assessment of damages was filed after 1st January 1874.

The defendant obtained a rule to show cause why this appeal should not be stricken off, which after argument, on the 1st of September 1876, was discharged. The appeal having been allowed the plaintiff filed a statement of his claim as ordered by the court, and defendant pleaded specially that the Act of 1848, under which the viewers were appointed, made no provision for an appeal, and that when the judgment was entered on the 16th of June 1874 the plaintiff was concluded. The court overruled this plea and directed defendant to plead generally. The trial resulted in a verdict for $4200, upon which judgment was entered.

[Pennsylvania Railroad Co. *v.* Gorsuch.]

The defendant then took this writ, assigning for error the action of the court in discharging the rule to strike off the appeal and in overruling defendant's special plea.

*Aug. S. Landis* and *L. W. Hall*, for plaintiff in error.—The act allowed no appeal, but under the practice customary in such · case, exceptions were allowed, and the plaintiff both filed exceptions and entered an appeal.   He was heard by the very tribunal to which the law assigned his case, and the exceptions filed by both parties were overruled, the appeal dismissed, and judgment ordered to be entered for the amount of the award.   This concluded him.   It was the judgment of a competent court, and that judgment could only be disturbed on an application to open and grant a re-hearing, or by a reversal for error apparent upon the record in entering the judgment: Pennsylvania Railroad Co. *v.* Luth. Cong., 3 P. F. Smith 449.   A regular or an irregular judgment can only be reversed on a writ of error, or set aside in the court below on motion : Drexel's Appeal, 6 Barr 272.

*Samuel S. Blair, H. M. Baldridge* and *Samuel Calvin*, for defendant in error.—It had not been observed that the confirmation of the report was not formally vacated.   It was treated, however, by the court and the parties as vacated, the appeal was allowed and the case proceeded on the assumption that the record in this respect had been formally annulled.   The decision was a virtual revocation of the order as prematurely and irregularly made, and this court will regard it as amended : Flanagin *v.* Wetherill, 5 Whart. 280 ; Bouslough *v.* Bouslough, 18 P. F. Smith 498.

Mr. Justice SHARSWOOD delivered the opinion of the court, June 11th 1877.

We may assume, for the purposes of this case, that the Act of Assembly, approved June 13th 1874, Pamph. L. 283, entitled " An Act for further regulation of appeals from assessments of damages to owners of property taken for public use," was a constitutional exercise of the power of the legislature, and binding upon the plaintiffs in error, notwithstanding the provisions of their charter and the supplementary Act of March 27th 1848, Pamph. L. 274, upon the same subject.   That is a question which, in the view we take, it is unnecessary to consider and decide now.   Upon that assumption the judgment in the court below, June 16th 1874, overruling the exceptions to the report of the viewers—quashing the appeal of the claimant and confirming the report—having been entered before the time for an appeal under the Act of 1874 had expired, may be conceded to have been irregular.   But it certainly was not void.   The report of the viewers had been filed March 16th 1874, and exceptions filed by both the claimant and the company.   It cannot be pretended that the court had not full jurisdic-

[Pennsylvania Railroad Co. *v.* Gorsuch.]

tion of the case. That judgment was a final adjudication of the controversy until set aside by the court or reversed by writ of error. It is clear then that the appeal entered the next day was irregular and cannot be sustained. The report had been merged in the judgment. We have standing upon this record two judgments— one of June 16th 1874, in favor of the plaintiff below for $645, and another upon the verdict of a jury under the appeal entered June 17th 1874, for the sum of $4200, with interest from March 1st 1872. Certainly both these judgments cannot stand together. The first judgment is not now before us for review. The present plaintiffs in error do not complain of it, and have assigned no error in it. The second judgment then is necessarily irregular, and must be reversed. It is urged, however, very strenuously, that as the court adjourned June 16th—the same day the report was confirmed and judgment entered—the claimant and plaintiff below had no opportunity to move to open or set it aside before the expiration of the time for an appeal under the Act of 1874. The fact may have been so, but we cannot see that it helps the case of the defendant in error. It may have been unfortunate for him that he or his counsel did not know of the passage of the Act of 1874 a day sooner. It may be also that the circumstance would have been a good ground to have appealed to the court below to have made an order setting aside that judgment *nunc pro tunc*. Whether the court could have made such an order—after the right of the plaintiffs in error had been fixed by that judgment—before any appeal under the Act of 1874 had been in fact entered, is, to say the least, very problematical. It is further contended that the order of the court of September 1st 1876, discharging the rule to show cause why the appeal should not be stricken off, was in effect an order setting aside the previous judgment. The learned counsel for the defendant in error insists that the confirmation of the report was treated by the court and the parties as vacated, because the appeal was allowed, and the case proceeded on the assumption that the record in this respect had been formally annulled. He contends that this decision was a virtual revocation of the order as prematurely and irregularly made, and this court will regard it as amended. He cites Flanagin *v.* Wetherill, 5 Whart. 280, and Bouslough *v.* Bouslough, 18 P. F. Smith 495. But neither of these cases support his contention. They were cases in which mere formal defects in the entry of the judgment under review, which might have been amended in the court below, were considered in this court as having actually been amended. But surely that is a very different thing from considering that a judgment had been set aside *nunc pro tunc*—supposing even that such an order under the circumstances could have been made in this case. The appeal therefore of June 17th 1874, and all the proceedings under it, were erroneous, and the judgment upon the verdict must be reversed.

Judgment (9th January 1877) reversed.