# Whitehill, Appellant, *v.* Schwartz.

*Contract—Variance for written contract—Subsequent parol agreement—Consideration.*

A party to whom money is owing under a written contract, may enter into a parol agreement, founded upon a sufficient consideration, modifying the terms of payment. If there is between the parties a dispute in good faith as to the representations which have been made with regard to the contents of the written agreement at the time of its execution, the settlement of that dispute and the affirmance of the other provisions of the contract, is a sufficient consideration to support the parol modification. The parol modification will draw to its nature the written stipulation of the old contract, and determine the character of the action which might have been brought upon the contract at common law. While an action could not have been brought as upon a contract under seal, the written contract is not to be treated as wholly abandoned, unless the parol contract so stipulates, and it is still to be used to mark the terms and extent of the new stipulations. When a parol agreement relates merely to one of several covenants of the written contract, both must be considered in determining the rights of the parties.

Where a contract of bailment of personal property is modified so as to effect only the time for payment of installments of rental, a failure to pay the installments under the modified agreement involves all the consequences stipulated for in the written agreement.

*Replevin—Damages—Action prior to Act of April 19, 1901, P. L. 88.*

Where an action of replevin is brought prior to the Act of April 19, 1901, P. L. 88, the verdict should be, not for damages for the value of the goods, but a general finding for defendant, and damages for the detention, on which the proper judgment is pro retorno habendo, and for the damages. Where the verdict and judgment is for damages generally, the appellate court has no way of ascertaining how much is for the value of the goods, or interest or detention, and cannot therefore amend the record and modify the judgment. It must therefore send the case back for a new trial.

Argued Dec. 14, 1904.     Appeal, No. 209, Oct. T., 1904, by plaintiff, from judgment of C. P. No. 2, Phila. Co., March T., 1899, No. 605, on verdict for defendant in case of Edward Whitehill v. Joseph Schwartz.     Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ.     Reversed.

Replevin for household goods, delivered under an agreement of bailment. Before BARRATT, J.

The opinion of the Superior Court states the case.

Verdict and judgment for defendant for $195.48.    Plaintiff appealed.

*Error assigned* among others was portion of the charge of the court quoted in the opinion of the Superior Court.

*W. Sandberg*, of *Sandberg & Heymann*, for appellant, cited: Rohrheimer v. Hofman, 103 Pa. 409; Green v. Roberts, 5 Whart. 84; McCombs v. McKennan, 2 W. & S. 216; Harley v. Parry, 18 Pa. 44; Shaneman v. Core, 2 W. N. C. 540; Whittelsey v. McCready Bros., 17 W. N. C. 237; Taylor v. Winters, 6 Phila. 126.

*Walter T. Fahy*, with him *Thomas A. Fahy*, for appellee, cited: Vicary v. Moore, 2 Watts, 451; Vaughn v. Ferris, 2 W. & S. 46; Malone v. P. & R. R. R. Co., 157 Pa. 430; Christine v. Gilbert, 23 W. N. C. 159; Easton v. Worthington, 5 S. &. R. 130.

OPINION BY PORTER, J., March 14, 1905:

The plaintiff brought replevin for certain household goods which he had delivered to the wife of the defendant, upon a written contract of bailment for hire.   The written agreement provided that the bailee should pay a rental of $5.00 on Tuesday of each week; that in case of default in the payment of any weekly sum, on the day set apart for the payment of the same, the bailor (the plaintiff) should have the right to retake the property.   And in case the payments were made as they became due until the sum of $278.76 had been paid, and upon the payment of the further sum of $1.00 by the bailee, the bailor was to execute and deliver a bill of sale for the property, and transfer the ownership of the same to the bailee.   The chattels were delivered to the plaintiff under the writ; the defendant pleaded property in his wife, and the trial resulted in a verdict and judgment in favor of the defendant for $195.48.

There was no question under the evidence at the trial that the bailee of the property had failed to pay the rental at $5.00 per week, and if the original written agreement was

valid, and the only contract between the parties, the plaintiff was entitled to recover. The defense was upon two grounds: (1) That the execution of the original agreement had been induced by fraud on the part of plaintiff, and (2) that the written contract had been modified by a parol agreement subsequently entered into by the parties. The learned judge of the court below was of opinion that the evidence of fraudulent imposition, at the time the wife of the defendant entered into the written contract, was insufficient to warrant the submission of that question to the jury. He charged the jury that under the provisions of the written contract, the plaintiff was entitled to recover, unless that contract was, by a subsequent parol agreement, modified. The language of the learned judge, which is the subject of the first specification of error, taken in connection with the instructions above referred to, worked no injury to the plaintiff's cause, and that specification must be dismissed.

The instructions of the court relating to the other branch of the defense cannot be sustained. The evidence of negotiations with regard to a subsequent modification of the terms of the written agreement, related solely to the installments of rental and the time of their payment. The wife of the defendant, who was the bailee of the property, testified that in December, 1898, she had a conversation with the plaintiff, and after stating what was said by each of them in a dispute as to what had been the understanding with regard to the contents of the written agreement at the time it was executed, and notifying him that she refused to go on with the payments at the rate which then appeared to be specified in the instrument, the plaintiff said: " If you will pay me $5.00 a week from January on until the students will remain with you, I will not press you for any money through the summer months, unless you pay me something if you have it." " I said, all right, Mr. Whitehill, but what kind of assurance can you give me that you'll keep your word ? " " He says—there were three gentlemen there sitting, Dr. Ralph Herz, Hugo Herz and Samuel Freeman—he says, I will give my word before these gentlemen, which is as good as gold, and then he says, what assurance can you give me that I will receive my five dollar payments ? " " I says, I will give you assurance. Dr.

Ralph Herz vouched that he will stand good every week· for $5.00, from January on until he will remain here, and which were paid." She testified that they mutually agreed to this arrangement, and that the payments were made in accordance with it for ten weeks. Her testimony was corroborated by that of Samuel Freeman, who seems to have been disinterested. That a party to whom money is owing under a written contract, may enter into a parol agreement, founded upon a sufficient consideration, modifying the terms of payment, must be conceded. If there was between the parties a dispute in good faith as to the representations which had been made with regard to the contents of the written agreement at the time of its execution by the bailee, the settlement of that dispute and the affirmance of the other provisions of the contract, would be a sufficient consideration to support the parol modification. The parol modification would draw to its nature the written stipulations of the old contract, and determine the character of the action which might have been brought upon the contract at common law. While an action could not have been brought as upon a contract under seal, the written contract is not to be treated as wholly abandoned, unless the parol contract so stipulates, and it is still to be used to mark the terms and extent of the new stipulations. When the parol agreement relates merely to one of several covenants of the written contract, both must be considered in determining the rights of the parties: Vicary v. Moore, 2 Watts, 451 ; Green v. Roberts, 5 Wharton, 84 ; McManus v. Cassidy, 66 Pa. 260 ; Taylor v. Winters, 6 Philadelphia, 126.

Even if the parol agreement, modifying the written contract as to the time when the installments of rent should be paid, was made, all the other covenants of the lease were still binding upon the parties. The relations of the parties to the property, and to each other, remained unchanged, and a default in payment of an installment of rental, at the time it became due under the new contract, would involve all the consequences stipulated for in the written agreement. The plaintiff still remained the owner, Mrs. Schwartz the bailee, and if she failed to pay her rental at the time it became due, the plaintiff was entitled to the possession of the goods. The only modification of the written contract of which there was any evidence to

submit to the jury, was strictly confined as to the time when the installments became due.

The learned trial judge charged the jury as follows: "If, however, you should determine that there was a new verbal contract which superseded the written one, or that at the time of taking the goods by the plaintiff, the title to the goods was not in the defendant, then your verdict should be for the defendant for the value of the goods, as you determine it, with interest from the time they were taken to the time of your verdict, and to this amount you may add such a reasonable sum as will compensate the defendant for the illegal detention of the goods under the circumstances of this case." The learned judge in stating the alternative finding, as to the title of the goods not being in the defendant, evidently meant to say the plaintiff, but this slip is of no consequence in determining the correctness of the instruction. The jury could have only understood this in one way, that under either of the alternatives, if a new verbal contract had been made, or if at the time of the taking the title to the goods was not in the plaintiff, their verdict must be for the defendant. This entirely withdrew from the consideration of the jury the question of whether or not Mrs. Schwartz had paid the installments of rental in accordance with the terms of the modified agreement to which she testified. There was evidence which would have warranted a finding that she had not done so. This error was not cured by anything which the judge said in the other portions of his charge. The instruction was also erroneous for another reason; this action was brought in 1899, and was not subject to the provisions of the Act of April 19, 1901 P. L. 88. The verdict ought not to have been for damages for the value of the goods, but a general finding for the defendant, and damages for the detention, on which the proper judgment would have been pro retorno habendo, and for the damages: Easton v. Worthington, 5 S. & R. 130 ; Lovett v. Burkhardt, 44 Pa. 173. We have here a judgment for $195.48 in favor of the defendant, when all that he, or his wife, had paid upon account of the goods, nominally as rental, was $93.00.

This verdict having been rendered under the instructions of the court above quoted, it must be assumed to include the value of the property, interest from the time the goods were

replevied and damages for the detention. There is nothing from which it can be ascertained how much of this verdict was for the value of the goods, or interest or detention. There is no possibility therefore of amending the record, and modifying the judgment, as was done in the case above cited. The second, third and fifth specifications of error are sustained.

The judgment is reversed and a venire facias. de novo awarded.