## Motor-Vehicle Certificates of Title.

*Automobiles—Motor-vehicle certificates of title—Issuance of certificates to bailors—Repossession—Act of May 24, 1923, P. L. 425.*

1. A bailor of an automobile is not entitled to a new certificate of title merely because the bailee has violated some provision of the bailment contract.

2. In such case, it must appear that the bailor has actually retaken possession of the vehicle, or that the circumstances are such as to relieve him from the necessity of repossession as a preliminary requisite to the issuance of a new certificate.

Department of Justice.   Opinion to Mr. Benjamin G. Eynon, Register of Motor-Vehicles, Department of Highways.

CAMPBELL, 1st Dep. Att'y-Gen., April 8, 1926. — This department is in receipt of your request to be advised as to whether or not a new certificate of title to a motor-vehicle should be issued to the applicant therefor under the following circumstances:

"A," a motor-vehicle dealer, leased a motor-vehicle to "B" upon a bailment contract, which was afterwards assigned to "C," a finance company. "C" has made application for a new certificate of title, alleging in his application that

"B" has defaulted in payments provided for under the terms of the bailment contract and has filed with his application a certified copy of the bailment contract, which contains the usual provisions authorizing repossession upon failure to make payments as stipulated. "C" has not presented to you the original certificate of title nor has he actually repossessed the motor-vehicle in question nor taken any other action for the purpose of obtaining possession thereof.

You state that you are of the opinion that a number of lessors under bailment contracts are filing applications for new certificates of title immediately after the execution of the bailment contract, alleging violations of some provision of the contract for which the remedy of repossession is given, but before the motor-vehicle described in the contract is actually repossessed.

The Title Registration Act of May 24, 1923, P. L. 425, provides a system of registering titles to motor-vehicles for the protection of owners and to facilitate the recovery of motor-vehicles stolen or unlawfully taken. It defines the term "owners" as including "the person or persons having a motor-vehicle in his or their possession, custody or control under a lease or contract of conditional sale or other like agreement:" Section 1.

It requires every owner of a motor-vehicle to make application for an official certificate of title to the same and requires the Secretary of Highways to issue such certificate when satisfied that the applicant therefor is entitled thereto: Section 2.

In the case to which you refer the bailee was the "owner" of the motor-vehicle in question under the terms of this act, and as such made application for and received a certificate of title to the same.

The act provides for the issuance of a new certificate of title in two, and only two, classes of cases: (1) "in the event of the sale or transfer of the ownership of a motor-vehicle for which an original certificate of title has been issued" upon the presentation of such original duly assigned to the purchaser (section 3); and (2) in the case of the transfer of ownership or possession by operation of law: Section 8.

The case concerning which you inquire does not come within the first class. If "C" is entitled to a new certificate of title he must have brought himself within the provisions of section 8 of the act, which reads in part as follows: "In case of the transfer of ownership or possession of a motor-vehicle, by operation of law, as upon inheritance, devise or bequest, order in bankruptcy, insolvency, replevin or execution sale, or whenever a motor-vehicle is sold at public sale to satisfy storage or repair charges, *or repossession is had upon default in performance of the terms of a lease, contract of conditional sale, or other like agreement*, it shall thereupon become the duty of the person from whose possession such motor-vehicle was taken, and without prejudice to his rights in the premises, immediately to surrender the certificate of title for such motor-vehicle to the person to whom possession of such motor-vehicle has so passed. The commissioner, upon surrender of prior certificate of title, or, when that is not possible, upon presentation of satisfactory proof to the commissioner of ownership and right of possession to such motor-vehicle, and upon payment of the fee of two ($2) dollars and presentation of application for certificate of title, shall issue to the applicant to whom possession of such motor-vehicle has so passed a certificate of title thereto. . . ."

While the way is left open, in this section of the act, for the issuance of a new certificate when the old is not surrendered and when the right of possession only is shown, yet such are exceptional cases, and the act contemplates the actual repossession of the vehicle by the bailor where the right to a new

certificate is claimed because of default in performance of the terms of a bailment contract.

In the second place, the act treats the bailee as the owner, and the provision for repossession by the bailor upon default in the performance of the terms of the contract is a contractual obligation (Cobb & Chase v. Deiches & Co., 7 Pa. Superior Ct. 252, 256), which does not render the contract void, but renders it voidable and requires affirmative action by the bailor. The mere application for a new certificate of title does not constitute sufficient affirmative action.

In the third place, without there having been actual repossession or other affirmative action by the bailor, the bailee has not been accorded an opportunity to defend his right to continued possession, either on the ground of performance; of a modification of the terms of payment (Whitehill v. Schwartz, 27 Pa. Superior Ct. 526, 530) ; of a subsequent agreement changing the tenor of the alleged bailment contract (Goss Printing Press Co. v. Jordan, 171 Pa. 474) ; or on the ground that the contract is not a bailment contract but one of conditional sale (Jones v. Wands, 1 Pa. Superior Ct. 269, 274) ; or that the stipulation for repossession is invalid for any other reason.

For these reasons, you are advised that a new certificate should not be issued upon the present state of the record in the instant application, because it does not appear that the vehicle has been repossessed by the bailor or that the circumstances are such as to relieve the applicant from the necessity of repossession as a preliminary requisite to the issuance of a new certificate.

From C. P. Addams, Harrisburg, Pa.