*Lee and Others* vs. *Tabor and Watson, Garnishees of Austin.*

LEE AND OTHERS *vs.* TABOR AND WATSON, GARNISHEES OF AUSTIN.

The validity of a deed of assignment alleged to be fraudulent, may be tried in a court of law upon an issue made between an attaching creditor and the assignee, summoned as garnishee under the provisions of the law relating to attachments.

ERROR to the St. Louis Court of Common Pleas.

POLK *and* CARROLL, *for Plaintiffs.*

1. The allegation being that the deed was fraudulent, it was equally competent for a court of law or a court of equity to entertain it; the object being not to vary or contradict the deed, as such, but to *disprove* its legal existence, and rebut its operation.—3 Black. Com., 443; Bright *vs.* Eynon, 1 Burr, 396; Pemberton *vs.* Steeples, 6 Mo. Rep., 59; 3 Starkie's Ev., 1017, note L.; *Ibid.*, 1015, 1016; *Ibid.*, 1294, note E.

2. One partner cannot make a general assignment of the partnership effects, so as to bind the other.—Hughes *vs.* Ellison, 5 Mo. Rep., 466.

3. The case decided in this Court, reported in the 7th volume of Missouri Reports, "Van Winkle and Randall *vs.* McKee and Baum," was the case of a *fieri facias;* and our statute on *executions* authorizes only "*debtors* of the defendant" to be summoned. This, on the other hand, is a case of original *attachment.*

4. The law of attachments, as it now stands in this State, by the act of February 13, 1839, expressly authorizes the creditor to sue by attachment, where an affidavit is made that there is good reason to believe that the defendant or debtor "has fraudulently *conveyed, assigned*," &c., "any of his property or effects, so as to defraud, hinder, or delay his creditors;" and how is the truth of this affidavit to be tried, (a thing also authorized to be done,) if a deed cannot be assailed for fraud?—See Laws of Missouri, 1838–9, chapter, "Attachment," sec. 1.

5. The seventh section of the act of 1835, on the subject of attachments, provides, not only that all persons may be summoned as garnishees who are named in the writ, and all others who are debtors of the defendant, but also, all "such as the plaintiff or his attorney shall direct," thereby designing, very obviously, to comprehend others beside *debtors.*—See Laws of Missouri, 1835, article 1, section 7, of the law to "provide for the recovery of debts by attachment;" so that it is not necessary that the garnishee should be a *debtor* of the defendant, in order to make him answerable under an attachment.

6. The proceedings under our attachment law are somewhat in the nature of proceedings in equity; inasmuch as the appeal, both on the part of the plaintiff and the garnishees, is to the conscience of the party.

*Lee and Others* vs. *Tabor and Watson, Garnishees of Austin.*

SPALDING *and* TIFFANY, *for Defendants.*

POINTS FOR DEFENDANTS IN ERROR:

1. The burden was on plaintiffs to prove effects in hands of garnishees, as they denied any, which they failed to do.— 3 Mo. Rep., 88.

2. The deeds of assignment are not on the face of them fraudulent or void, and, therefore, the answers cannot be held as admitting indebtedness or effects.— 3. Mo. Rep., 252.

3. Even were the deeds of assignment void as to creditors, from containing provisions contrary to public policy or law, yet the fund cannot be reached in this way, but only by bill in chancery.—7 Mo. Rep., 435, Van Winkle et al. *vs.* McKee.

Savage was dead when the attachment was brought, as the declaration shows. The deed of assignment was undoubtedly good as to Austin, the survivor, at any rate ; and Savage's interest, he being dead, is not liable.

The denial of the answers says, that the deeds of assignment were illegal and void, and the burden was on the plaintiffs to show it.

SCOTT, J., *delivered the opinion of the Court.*

Tabor and Watson were summoned as garnishees in a suit commenced by attachment, against William J. Austin. In answer to interrogatories filed, Tabor and Watson, the garnishees, stated they had and have no property or effects of the defendant in their possession, and are not and were not indebted to them.

They also stated, that they were assignees under a deed of assignment made to them by Savage & Austin, (of which firm said Austin is the surviving partner,) for the benefit of their creditors, and admit that there are some effects in their hands, by virtue of said assignment.

They further state, that they are assignees under an assignment made to them by the defendant in the attachment, Austin, of his individual property and effects, for the benefits of his creditors.

To the answer of the garnishees, the plaintiffs filed replications, affirming that there were effects of the defendant, Austin, in the hands of the said garnishees, and that the said deed of assignment was fraudulent and void.

On the trial, the court discharged the garnishees, and the plaintiffs have sued out this writ of error.

It does not appear for what reason the court discharged the garnishees ; it was not, as was alleged, for the want of evidence, for the record states, that without hearing any evidence the order for the discharge was made.

From what fell, upon the argument of this cause, we are warranted in presuming that the garnishees were discharged on the authority of the case of Van Winkle *vs.* McKee, 7 Mo. Rep., 435.

That case arose on the construction of the statute giving plaintiffs, in execution, a right to garnishee the *debtors* of the defendant. The reasoning of the court in that case would certainly apply to this ; and were the phraseology of the statute

*Lee and Others* vs. *Tabor and Watson, Garnishees of Austin.*— *Wathen* vs. *Farr.*

concerning attachments as circumscribed as that in relation to executions, we would feel no hesitation in pronouncing a like judgment. Although, in our opinion, the same principles are involved in the two cases, yet such is the breadth of the statute relative to attachments, that we feel ourselves restrained from an application of them to the case now under consideration.

Under the execution law, a garnishment is given against the debtors of the defendant in the execution. The statute concerning attachments, 1835, section 1, gives an original attachment against the lands, tenements, goods, moneys, effects, and credits of the debtor, in whosoever hands they may be. The seventh section directs, that all shall be summoned as garnishees who are named as such in the writ, and such others as the officer shall find in possession of money, goods, or effects of the defendant, not actually seized by the officer and debtors of the defendant, and also such as the plaintiff or his attorney shall direct.

The act of 13th February, 1839, gives an attachment against a debtor who has fraudulently conveyed or assigned any of his property or effects. There is an allegation, that the assignment in this cause mentioned is fraudulent and void. These provisions are sufficient to comprehend all persons whom the plaintiff will direct to be summoned as garnishees; and if summoned, and it is found that they have money, goods, effects, or credits in their hands belonging to the defendant, the law makes them subject to the satisfaction of the judgment obtained in the suit commenced by attachment.

Judgment reversed.