## French *versus* Breidelman.

1. Execution attachment, under the Act of June, 1836, is an appropriate writ to the case of a sale of a store of goods, in fraud of creditors, when the fraudulent vendee has sold part and has the rest on hand.

ERROR to the Court of Common Pleas of *Dauphin county.*

The opinion of the court was delivered August 16, 1855, by
LOWRIE, J.—The Execution Act of 1836, section 35, allows an execution attachment to issue, to reach debts due to the defendant, or deposits of money made, or goods pawned, pledged or demised by him ; and the main question of the present cause is, is this an appropriate writ, under the act, to the case of a sale of a store of goods, in fraud of creditors, where the fraudulent vendee has sold part, and has the rest on hand ?

We think it is.   It is certainly true, that the money received by him for the part sold, is not legally a debt due by him to the fraudulent vendor ; for the law will not help to enforce the fraud ; but in the intention of the parties it is a debt, and the creditors may treat it as such, and attach it; and so we decided last year, at Philadelphia, in the case of *Tams* v. *Tams ;* and there have been previous decisions, going in the same direction.   5 W. & S. 100 ;  5 State R. 39.   And we do not see why this principle should not apply to the goods themselves.   It is so general, that it may be taken for the rule of such cases, that the goods are formally transferred to the vendee, with the understanding that he is to keep the goods, and their proceeds, until he is refunded his advances ; and therefore, in the intention of the parties, there is a real pledge of the property for an advance of money or credit, that is intended only as a loan. ˙

Creditors may, indeed, disregard all this, and issue a *fi. fa. ;* but there is a risk here, to which they ought not to be put, and such a process is sure to be attended with great sacrifice of property.

They might also resort to the creditor's bill of discovery, provided by the same act ; for the remedy seems to include all the cases to which the execution attachment is applicable, and others besides ; and it would, perhaps, be the best remedy for such cases.   But it is very evident, that the purpose of the law

is to provide most ample and searching remedies for reaching property, attempted to be concealed from creditors, and they are entitled to be liberally administered, and do not include each other. We think the cause was rightly tried.

Judgment affirmed.