GOTTLIEB EYERMAN, Appellant, *v.* AUGUST KRIECKHAUS, Respondent.

July 1, 1879.

1. The question as to the validity of an alleged fraudulent transfer of the assets of a corporation may be tried in a garnishment proceeding.

2. Where one, by collusion, obtains assets which the law holds as belonging to creditors, and realizes a profit from their conversion, he may be held a debtor of the corporation as to the fund to which debtors may look, and is liable as garnishee of the corporation.

APPEAL from St. Louis Circuit Court.

*Reversed and remanded.*

H. D. WOOD, for appellant: The validity of a transfer alleged to be fraudulent may be tried in a court of law in garnishment proceedings. — *Lackland* v. *Garesché*, 57 Mo. 267 ; *Lee* v. *Tabor*, 8 Mo. 322 ; Drake on Attach., par. 548.

FINKELNBURG & RASSIEUR, for respondent : The creditor can only acquire such rights against the garnishee as the debtor had. — *Weil* v. *Tyler*, 38 Mo. 545. The statutes touching garnishment are not equitable, but legal, in their nature and procedure. — *Lackland* v. *Garesché*, 56 Mo. 270. When an illegal contract has been executed, no action lies to recover back the consideration. — 1 Chitty on Con. (11th ed.) 945 ; Story's Eq. Pl., sect. 304. If the defendant had been liable, that liability ceased when he made

a *bona fide* sale of the stock to a third person. — *McClaren* v. *Franciscus*, 43 Mo. 452.

LEWIS, P. J., delivered the opinion of the court.

The plaintiff having obtained judgment and execution against the Gravois Railroad Company, a corporation, for $5,137.49, caused the defendant to be summoned as a garnishee. Upon the hearing of the allegations and issues in garnishment, facts were developed as follows: In 1873, the directors of the Gravois Railroad Company conceived that the interests of the corporation would be advanced by inducing the defendant to become a member of their board. He steadily refused, however, until they offered him one hundred shares of stock in their corporation as a consideration for his consent to serve. He accepted the stock as full paid, and was duly elected a member of the board of directors. In a few months, however, differences arose between him and the other directors upon questions of policy, and by general consent he sold his stock for $1,200 to one of the other directors. His certificate was surrendered and cancelled, and a new certificate for the same stock was issued and delivered by the company to the purchaser. Plaintiff claims that, as the defendant received the stock from the corporation without paying anything therefor, and afterwards sold it for cash, he is liable to garnishment, as a debtor of the company, for the proceeds of the sale.

Defendant argues that the demand, if any, is of an equitable nature, and therefore cannot be litigated in a garnishment proceeding. The point is not well taken. The ground of the plaintiff's claim is that there was a fraudulent transfer to the defendant of the corporation's assets. It has been repeatedly held by our Supreme Court that the validity of such a transaction may be tried in garnishment proceedings in a court of law. *Lee* v. *Tabor*, 8 Mo. 322; *Lackland* v. *Garesché*, 56 Mo. 267.

It is insisted for defendant that a creditor acquires against the garnishee only such rights as the debtor possessed at the date of the garnishment, and that the garnishee may set up any defence which he might maintain against the debtor in execution. Such is the general rule, but it is subject to many exceptions. One, which is especially pertinent here, relates to all issues of stock by corporations by way of gratuity to members, who pay nothing for it and are yet credited as having paid in full. There are many such cases, in which the transaction is binding upon the parties so that there can be no direct recovery by the corporation, yet a creditor may enforce his claim against the stockholder to the full amount that should have been paid upon the stock. *Skrainka* v. *Allen, ante,* p. 434. This peculiar liability does not, it is true, usually appear in garnishment proceedings; but the principle of responsibility is the same, and in a suitable case may as well be enforced in garnishment as in a creditor's bill, or a statutory proceeding upon execution returned *nulla bona.* Another exception, equally pertinent, applies to fraudulent transfers of property by the defendant in execution to the garnishee. The debtor may have no right of recovery, but his creditor may yet hold the garnishee. *Lamb* v. *Stone,* 11 Pick. 527. There is no proper foundation for an enforcement of the general rule in the present case, even if it be admitted that the corporation would have no right of action against the defendant.

The statute which authorizes execution against a delinquent stockholder, upon a return of *nulla bona* as to the corporation, was not intended to exclude other legitimate methods of reaching the assets of a corporation for the satisfaction of creditors. The statutory proceeding could not apply to the present case. The defendant was not a stockholder when the execution was issued, nor at any time afterwards. But, by a technical collusion with the directors, he had become possessed of assets which the law holds sacred for the protection of creditors, and had realized a

profit from their conversion. He might therefore be held a debtor of the corporation, in his relation to the fund which creditors have a right to pursue.

It is argued that the corporation might elect to repudiate the sale of the stock by defendant and sue him for its conversion, or to ratify the sale and sue him for the proceeds; that is, if defendant was under any liability at all. If such a right of election were open, the corporation would have no right to baffle creditors by keeping it in perpetual abeyance. But no such considerations are material here, since the corporation, by issuing the new certificate to the purchaser, ratified the sale.

We are of opinion that the Circuit Court erred in sustaining the defendant's demurrer to the evidence, and that the plaintiff was entitled to recover upon the undisputed facts in proof. The only material fact about which there was any disagreement was as to the amount of purchase-money received by the defendant for the stock sold. The defendant testified that the sum was $1,000. Two other witnesses swore that it was $1,200. We cannot undertake to decide the issue of fact between the two sums. If within three days the plaintiff will enter his consent to a judgment for the smaller amount, a final judgment in his favor will be entered; otherwise, the judgment will be reversed and the cause remanded. All the judges concur.