HUMPHREYS v. THE ATLANTIC MILLING COMPANY *et al.*, *Appellants.*

1. **Variance:** ALLEGATIONS AND PROOFS: CASE ADJUDGED. The case examined and held that the variances between the allegations of the petition and the proofs are not fatal.

2. **Practice:** EQUITY: CREDITOR'S BILL. The rule is general that before a creditor can maintain a creditor's bill he must show that he has exhausted his remedy at law, or that he has no adequate remedy at law.

Humphreys v. Atlantic Milling Co.

3. **Fraud: ATTACHMENT: GARNISHMENT.** A debtor who is seeking to defraud his creditors may be sued in attachment and his property in the hands of others garnished.

4. **Practice: PAYMENT TO ONE OF TWO JOINT DEBTORS: GARNISHMENT.** Where a debtor of two persons jointly makes a draft for the amount to one of the creditors by adjustment between the parties, the payee will be bound to the other creditor for the amount going to him, and will be subject to garnishment in a proceeding against his joint creditor, although the amount going to the latter be not yet due.

5. ———: ———: ———: **FRAUD.** The fact that the payee had made his note to his co-creditor for the amount going to him, in fraud of the latter's creditors, would not affect the case, as its invalidity could be adjudged on issues between the latter and the garnishee in the proceeding by such creditors against the payee.

6. ———: ———: ———: ———. The court would have the power under the statute (R. S. 1879, sec. 2541) to compel the production of the note, whether in the hands of the payee or his assignee. The validity of the assignment could be tried in the proceeding against the payee and both the assignee and maker of the note could be compelled to appear and answer interrogatories at the same time.

7. ———: **EQUITY: CREDITOR'S BILL.** While it is not necessary in all cases that the creditor's demand shall first be put in judgment before he can maintain a creditor's bill, it is essential for him to make out a case which shows that he has no adequate remedy at law.

8. ———: **PLEADING REMEDY AT LAW.** Where upon the hearing, in an equity case, the plaintiff fails to make out a case entitling him to equitable relief, his petition should be dismissed, although remedy at law is not pleaded. (*Overruling Blair v. Railroad*, 89 Mo. 288, and *Shickle v. Watts*, 94 Mo. 419.)

*Appeal from St. Louis City Circuit Court.*—HON. GEO. W. LUBKE, Judge.

REVERSED AND REMANDED.

*Hough & Overall* and *C. M. Napton* for appellants.

(1) It appears from the undisputed testimony that the share of the Atlantic Milling Company, in the acceptance, was represented by the note of the Victoria Flour Mill Company, whose solvency is not questioned,

payable to Bain (the president of the Atlantic Milling Company), by whom the draft had to be drawn, as shown, and by him, Bain, immediately appropriated to the payment of the creditors to whom it had been promised, and who had given the company indulgence on the faith of such promise, by delivery of the note with such instructions to defendant Judson, whose solvency, and whose good faith in the transaction are unquestioned, and the note was in the latter's hands when the injunction was served upon him. Plaintiff wholly failed to prove his case. (2) Plaintiff has no right to an injunction and no standing in a court of equity, and, if he had a right to attach at all, had a complete and adequate remedy by statutory process of attachment and garnishment. It is clear that if the transfer to Judson was inoperative, then he held the note for the Atlantic Milling Company. It is idle to pretend that because the note was payable to Bain (the president of the company) individually, that the creditors of the company could not have reached it by garnishment. Nor would the fact that the note was payable, subject to the payment of the acceptance, relieve the partners from liability to garnishment, subject of course to the conditions under which it was payable. The decisions of our courts are clear and express upon this point. *Lee v. Tabor*, 8 Mo. 322; *Eyerman v. Krieckhaus*, 7 Mo. App. 456; *Weil v. Posten*, 77 Mo. 284. That the validity of the transfer to Judson could be fully determined in garnishment proceedings is clear

*Dyer, Lee & Ellis* and *John G. Chandler* for respondent.

(1) The objection that the claim of respondent had not been reduced to judgment before the commencement of this suit is without merit. It was admitted

that his claim was justly due and it is immaterial whether he reduced it to judgment or not. *Nieters v. Brockman*, 11 Mo. App. 600 ; *Pendleton v. Perkins*, 49 Mo. 565 ; *Luthy v. Woods*, 1 Mo. App. 167 ; *Russell v. Clark*, 7 Cranch, 89 ; *Kent v. Curtis*, 4 Mo. App. 130 ; *Miller v. Davidson*, 3 Gilm. 523. (2) There was no remedy at law by which plaintiff could have reached the interest of the Atlantic Milling Company in the draft or acceptance of the White Line Central Transit Company because it embraced the undivided interests of the Atlantic Milling Company and the Victoria Milling Company. That part of the fund belonging to the Atlantic Milling Company could not have been reached by garnishment. If the debt or fund sought to be garnished belongs to the defendant, and another person, the garnishment will not lie. *Kingsley v. Fire Co.*, 14 Mo. 465. And if the fund sought to be reached by garnishment could only be recovered by the defendant by a proceeding in equity, garnishment will not be maintainable. A creditor cannot bring the trustee into a court of law to answer in a case where equity has original and sole jurisdiction. *Lackland v. Garesche*, 53 Mo. 257 ; *Sheedy v. Bank*, 62 Mo. 17. (3) The proof in this case shows, beyond any reasonable doubt, the fraudulent purpose on the part of the Atlantic Milling Company, through its president, George Bain, to hinder, delay and defraud the creditors of that company. If the intent of the debtor, by the disposition of his property, is to hinder, delay or defraud creditors of their lawful actions, damages, debts or demands, then such transfer is clearly utterly void. *Rupe v. Alkire*, 77 Mo. 641, and cas. cit. If the conveyance is contrived and made with a view to defeat particular creditors, it is fraudulent as to them. *Henderson v. Henderson*, 55 Mo. 534. (4) The defendants did not plead a remedy at law. *Blair v. Railroad*, 89 Mo. 393.

Vol. 98—35

BLACK, J.—This and four other suits of a like character were tried at the same time. The suit is one in equity, and the defendants are the Atlantic Milling Company, Geo. Bain, who is president and managing officer of that company, the Victoria Milling Company, A. H. Smith, who is managing officer of the last-named company, the White Line Central Transit Company, and F. N. Judson. The two milling companies are corporations doing business in St. Louis.

The evidence discloses these general facts: Plaintiff is a general creditor of the Atlantic Milling Company to the amount of $2,046 for wheat sold in December, 1883. In the spring of 1883, that company failed and suspended business. It resumed business in November of that year, most of the old debts having been extended. Towards the middle of December that company became indebted and was pressed on account of these new debts, called the debts of the "new running;" plaintiff's demand is of this class. The Atlantic Milling Company and the Victoria Milling Company had a demand against the transit company for rebates on shipments, and Mr. Bain, for the Atlantic Milling Company, promised to pay the proceeds of his share of this claim to the creditors of the " new running." The result of several trips to New York was, that Bain and Smith drew their individual and joint draft, of date January 12, 1884, on Darling, manager of the transit company, for $12,327.54, payable at Buffalo in sixty days, to the order of the Victoria Milling Company, which draft Darling accepted. The Victoria Milling Company then made its note of the same date for $9,818.24, payable to Bain in sixty days. This note represents the interest of the Atlantic Milling Company in the rebates. There was a verbal agreement that the payment of this note should be conditioned upon the payment of the draft. On January 14, 1884, Bain endorsed the note and delivered it to Mr. Judson for the purpose and with the understanding that

he should collect it and pay the proceeds *pro rata* to the November and December creditors.

The petition alleges that the draft upon Darling was drawn by Bain and Smith in their individual names for the purpose of defrauding the creditors of the Atlantic Milling Company; that in the furtherance of such purpose, Smith executed to Bain his note for the $9,818.24; that for a like purpose Bain endorsed the note to Judson who procured a discount of it, taking a check therefor with the understanding that the check should not be paid until the draft was paid; that these transactions were all thus made to defraud creditors. The prayer is, that defendants be restrained from collecting the draft or disposing of it, that it be delivered into court, the appointment of a receiver, and that plaintiff be paid out of the proceeds of the draft.

The defendant denied all the allegations of fraud and set out a history of the transactions as they are before stated, and as they appear on trial. Various creditors, both old and new, interpleaded for the fund and ask that the petition of the plaintiff be dismissed. The court granted a temporary injunction, ordered the acceptance to be collected by a receiver, and the $9,818.24 is in court. On the final hearing the plaintiff prevailed.

The proof shows that Bain, Smith and the Atlantic Milling Company were insolvent. Judson and the Victoria Milling Company are solvent. The note to Bain was made by the last-named company and not by Smith, as stated in the petition. Mr. Judson made no negotiation of the note, nor did he attempt to do so. Much is said about these variances between the petition and proofs. We do not regard them as fatal to the plaintiff, though the real facts are to be kept in mind.

The proof is clear that Bain and Smith drew the draft on Darling in their individual names because the transit company refused to settle in any other way.

There is no proof of any fraudulent purpose in the settlement with the transit company or in taking the draft payable to the Victoria Milling Company. It is clear, too, that Mr. Judson took the note from Bain in good faith and for the purposes before stated, without any knowledge of any fraudulent purpose on the part of Bain, if any there was.

As to the other questions of fraud in fact, it is sufficient to say, in the view we feel bound to take of this case, that there is much evidence tending to show that Bain urged the settlement of rebates for the sole purpose of paying these new creditors; that he had agreed with them to pay their debts out of this collection, and that he placed the note with Mr. Judson for that purpose alone. The evidence shows that he was guilty of deception to some of these creditors, after he had given the note to Judson in this, that he did not tell them who had the note, and that he said he had a check for it, when in fact he had no check. Bain says he made these statements because he wanted the matter of his getting the rebates kept quiet. Smith, however, did give the plaintiff a copy of the draft, and he endeavored to aid Smith in negotiating it, but the draft seems to have had no commercial standing.

That the plaintiff's demand is just and due is conceded; but it stands in the shape of an open account, and the first question is, whether he can maintain this suit in equity. The general rule is that a creditor, before he can maintain a creditor's bill, must show that he has exhausted all remedy at law; and this because a court of equity will not entertain such a suit where the plaintiff has a complete and adequate remedy at law. In general, it must be shown that judgment has been recovered and that execution has been issued and returned *nulla bona*, but there are exceptions to this rule. Thus where judgment has been recovered and the debtor is insolvent the issuance and return of an execution will be dispensed with. *Turner v. Adams*, 46

Mo. 95. It is sufficient that the demand be allowed by the probate court where the debtor's estate is insolvent. *Merry v. Fremon*, 44 Mo. 518; *Lyons v. Murray*, 95 Mo. 23. In *Pendleton v. Perkins*, 49 Mo. 565, the debtor had absconded and left money in the city treasury, but the city treasury could not be reached by statutory garnishment, and it was held that the creditor could maintain a suit in equity to subject the money to the payment of his debt, which had not been reduced to a judgment. The general doctrine is there stated that where the debtor has absconded, so that no personal judgment can be obtained against him, and there is no statutory proceeding by which his property can be reached, a creditor's bill will lie in the first instance. These cases all proceed upon the principle that the creditor has exhausted, or has no adequate remedy at law.

In the present case, the creditor, the Atlantic Milling Company is within and subject to the jurisdiction of the court, and if the allegations of fraud are true, then that company could be sued in attachment, and its property in the hands of others could be garnished. It is urged, however, that the process of garnishment would be of no avail in this case, because the transit company owed the debt to the two milling companies jointly, and that it could not be garnished as the debtor of one of them. The answer to this is, that the debt had been adjusted and the draft was made payable to the Victoria Milling Company, which is perfectly solvent. The transit company was bound to pay only to that company or its order. There can be no pretense of any fraud in that transaction. Indeed it is this draft which the plaintiff seeks to impound. There was no occasion for a garnishment on the transit company. The Victoria Milling Company, by becoming the payee of the draft, became bound to account to the Atlantic Milling Company for the amount going to it. The Victoria Milling

Company was therefore subject to the process of garnishment. It was also solvent. The fact that the amount going to the Atlantic Milling Company was not yet due is of no moment; for a debt not due may be garnished. R. S. 1879, sec. 2540.

Nor does the fact that the Victoria Milling Company had made its note to Bain affect the case. If that transaction was made in fraud of creditors, its invalidity could be adjudged on issues between the plaintiff and the garnishee. R. S. 1879, sec. 2541. This statute also gives the court ample power to compel the production of the note, whether in the hands of Bain or Judson. Again, the note was the property of the Atlantic Milling Company, though payable to Bain, and if the plaintiff desired to question the validity only of the assignment of the note by Bain to Judson, then Judson could have been summoned as garnishee, and the issue as to the validity of that transfer could have been tried. We see no reason why the plaintiff could not have compelled both Judson and the Victoria Milling Company to have appeared and answered interrogations at the same time. The machinery of the attachment law affords a speedy and ample remedy in all such cases. *Lee v. Tabor*, 8 Mo. 322; *Eyerman v. Krieckhaus*, 7 Mo. App. 455; *Lackland v. Garesche*, 56 Mo. 267; *Hazell v. Bank of Tipton*, 95 Mo. 60.

It is suggested that Judson could not be held as a garnishee because he holds the asset in trust for a designated class of persons. Plaintiff does not seek to enforce that trust, but he says there is no such a trust, that the transfer of the note to Judson was a void act, because in fraud of the creditors, and that issue can be tried on issues between plaintiff and the garnishee.

Doubtless there are cases where courts of equity have jurisdiction, though a statute may furnish a remedy by an action at law; and there are cases where there is a concurrent jurisdiction; but we do not understand

this case to belong to either class. Mr. Pomeroy says: "It is a necessary result from the whole theory of a creditor's suit, that jurisdiction in equity will not be entertained when there is a remedy at law." Pom. Eq. Jur., sec. 1415. This succinct statement of the law is in accord with the prior rulings of this court. Whilst it is not necessary in all cases that the creditor's demand shall be first put in judgment it is essential for him to make out a case which shows that he has no adequate remedy at law. That has not been done in the present case.

The answer does not in terms plead remedy at law, and hence it is argued that defendant has waived the right to say plaintiff has a complete and adequate remedy at law ; and in support of this position we are cited to *Blair v. Railroad*, 89 Mo. 388. It is to be observed that in that case and in the cases cited from 2 and 4 John. Ch., and from 2 Dev. & Bat. Eq., the court found grounds upon which to give equitable relief, so that the question of failure to plead adequate remedy at law was not material. Story says: "It is often said in the courts and by elementary writers, that unless the objection that the plaintiff has a perfect remedy at law is taken by demurrer, or as a preliminary question, it will be regarded as waived, and cannot be raised at the hearing, but we apprehend this is not generally true." Story's Eq. Plead. [Redf. Ed.] sec. 481a. *Foley v. Hill*, 1 Phil. C. R. 399, was a bill for account. On the hearing it appeared that the account consisted of three items only, two on one side and one on the other. The Lord Chancellor dismissed the bill on the ground that such an account was not the proper subject for a bill. His decree was affirmed in 2 H. L. Cas. 28. As we understand the case no plea of remedy at law was made. It is the uniform practice in the federal courts, where the remedy at law is plain, adequate and complete, to dismiss the bill though the question is not raised by

the defendant in his pleadings. *Hipp v. Babin*, 19 How. 271; *Lewis v. Cocks*, 23 Wall. 466. In *Hine v. City of New Haven*, 40 Conn. 484, it is said: "We do not sanction the claim that the objection that there is adequate remedy at law should in all cases be taken by a plea to the jurisdiction." And in Iowa it is held that where the bill is bad, for substantial defects on its face, the defendant may take advantage of it upon the hearing, and the bill will be dismissed. *Kriechbaum v. Bridges*, 1 Iowa, 14. We think the authorities cited are sufficient to show that, if, upon hearing, the plaintiff should fail to make out a case entitling him to equitable relief his petition should be dismissed, though remedy at law is not pleaded.

But aside from the foregoing considerations, a proper application of the rules of our practice act must lead to the same result. Under it, the petition, whether the action be legal or equitable, must contain a plain and concise statement of the facts constituting the cause of action. The same rule applies to new matter pleaded in the answer. The objection that the petition does not state facts sufficient to constitute a cause of action is not waived by a failure to demur. The whole theory of the practice act is that facts and not conclusions should be pleaded. If the defendant can show to the court that the case is not one of equitable cognizance, by making denials in his answer and setting up other and different facts and making proof thereof on the hearing, then this he may do. That was done in this case. If the petition be one in equity and at the hearing, the plaintiff fails to show a case in which he is entitled to any equitable relief, the petition should be dismissed. *State ex rel. v. St. Louis Circuit Court*, 41 Mo. 574; *Rutherford v. Williams*, 42 Mo. 18. In the case last cited, it is in substance said that where there is no equity as the ground of relief, a court of equity will dismiss the bill and remit the plaintiff to his action at law and a jury trial. The

distinction between suits in equity and actions at law so far as the trial is concerned, must be maintained, so long as parties have a constitutional right to a trial by a jury in actions at law. Our conclusion is that under our practice act, the plea of remedy at law in a suit in equity is unknown. It has no place under our system of pleading. What we said upon this subject in the case of *Blair v. Railroad, supra,* and in *Shickle v. Watts,* 94 Mo. 419, is overruled. Nothing here said will interfere with the rule that where a court of equity can maintain the case for any purpose, it will proceed to do full justice between the parties. *Real Estate Sav. Ass'n v. Collonious,* 63 Mo. 292; *Holloway v. Holloway,* 97 Mo. 628. So, too, cases will arise where the court may disregard surplus allegations, and treat the petition and try the cause as one at law.

The judgment is reversed and the cause remanded with directions to the circuit court to dismiss the petition and to make an order directing the fund in court to be turned over to Mr. Judson. This being done, the plaintiff can pursue such course at law as may to him seem fit. RAY, J., absent; the other judges concur.*

[*NOTE BY REPORTER.—This opinion was rendered while NORTON, C. J., was a member of the court but the motion for rehearing was determined at the April term, 1889, BARCLAY, J., not sitting.]