JOSEPH, NELKE & Co., Appellants, v. WILLIAM
C. BOLDRIDGE *et al.*, Respondents.

St. Louis Court of Appeals, January 27, 1891.

1. **Chattel Mortgage:** EFFECT OF ACTUAL POSSESSION BY MORTGAGEE. If a chattel mortgage is constructively fraudulent, because of the reservation of a right of sale by the mortgagor, but is not fraudulent in fact, it will be purged of the fraud by the taking of actual possession of the mortgaged chattels by the mortgagee prior to any levy thereon ; and the taking of the property by the sheriff under an order of delivery, issued in an action of replevin instituted by the mortgagee, constitutes the taking of possession by the mortgagee under this rule.

2. **Garnishment:** EFFECT OF JUDGMENT. A judgment in favor of a garnishee upon his answer is a final judgment upon the merits, and is a bar to his liability to the plaintiff for a debt which existed, if at all, at the date of said answer ; and this rule applies where the claim of the plaintiff is for proceeds of personalty, alleged to have been conveyed by the defendant to the garnishee in fraud of creditors.

3. **Replevin:** IN CUSTODIA LEGIS : LEVY ON PROPERTY REPLEVIED. *Held, arguendo,* that property replevied is, after its delivery to the plaintiff under the order of delivery, and during the pendency of the replevin proceedings, subject to levy under writs against the defendant in the action of replevin. Goods are not in possession of the law simply because there is some litigation touching their true ownership pending in the courts.

*Appeal from the Marion Circuit Court.*—HON. THOS. H. BACON, Judge.

AFFIRMED.

*Thomas F. Gatts,* for appellants.

*J. W. Boulware* and *H. A. Drummond,* for respondents.

ROMBAUER, P. J.—This is a creditor's bill seeking to set aside for fraud two chattel mortgages executed by John D. Phillips, and to make the defendants account for the proceeds thereof to the plaintiffs and other judgment creditors of said Phillips. The answer of the defendants is a general denial and the plea of former adjudication. The trial court rendered a decree for the defendants, from which this appeal is prosecuted.

There is hardly any controversy touching the facts, which we find to be substantially as follows: John D. Phillips, a retail merchant in Marion county, in May, 1884, made a chattel mortgage to the defendant Boldridge, conveying to him all the goods in his store to secure the payment of $2,900. This mortgage was fraudulent upon its face as to creditors, inasmuch as it reserved to the mortgagor the control and disposition of the goods in the usual course of trade. In March, 1885, Phillips made a deed of trust conveying the same goods in his store to one Muldrow, purporting to be made for the benefit of the Marion County Savings Bank and the First National Bank of Palmyra. This deed of trust was executed without the request, or even knowledge, of the two banks, and secured the payment of certain notes of Phillips held by said banks, on which notes other parties were his securities. It appears to have been contrived in the interest of these sureties by Muldrow, who was their friend. This deed was fraudulent in law as to creditors, as, in point of fact, it also contemplated a disposition of the goods by Phillips in the usual course of trade.

On the sixth of June, 1885, the defendant Boldridge instituted a suit by replevin in the Marion circuit court against Phillips and Muldrow to get possession of the goods mortgaged to him. Under the writ in that case the sheriff took the goods, and delivered them to Boldridge, on the twenty-fifth of June, and

thereafter such proceedings were had in that suit, that, upon its final hearing in June, 1887, judgment was rendered in favor of the defendant Muldrow for $2,173.15, the assessed value of his interest, and for defendant Phillips for costs.

On the sixth of June, 1885, the plaintiffs herein instituted their suit by attachment against Phillips. The goods mortgaged were not attached under this writ, being at the time, or shortly thereafter, in the possession of the sheriff under the writ of replevin above mentioned ; but, in October, 1885, all the defendants herein were summoned as garnishees of Phillips on said writ, and so was Muldrow also. All the parties thus served with notice of garnishment appeared, and, in answer to interrogatories propounded to them by plaintiffs herein, they severally denied all indebtedness on their part to Phillips. These answers not being excepted to nor denied, final judgment was rendered thereon in favor of the garnishees in June, 1886. At, or about, the time when these judgments were entered in favor of the garnishees, a final judgment was entered in favor of the plaintiffs against Phillips in the attachment suit. Such judgments, however, as above seen, created or consummated no lien on the mortgaged goods, as they never had been attached on the plaintiffs' writ. On the sixteenth day of June, 1886, and subsequent to the date of the judgment in the attachment suit, and in the garnishment proceedings, the plaintiffs instituted the present action in equity.

The judgments in the garnishment proceedings are relied upon in the defendants' answers filed in this case as supporting the plea of former adjudication.

After the delivery of the goods to Boldridge, under the writ of replevin, he disposed of them by sale in the usual course of trade. There is nothing to show that the goods brought more than the amount of the judgment in favor of Muldrow in the replevin suit. The notes in the two banks, which are mentioned in the

Muldrow deed of trust, were paid, in great part at least by money realized from sale of these goods, such money being paid partly by the sheriff and partly by Boldridge himself.

These being the uncontroverted facts of the case, the conclusion is inevitable that the judgment in this case is correct, and that the plaintiffs have no standing in court. It appears from the plaintiffs' evidence that possession was taken by both Boldridge and Muldrow of the goods conveyed in the instruments, now challenged for fraud, prior to any levy of plaintiffs' attachment writ upon them ( no such levy being ever made ), and prior to the institution of the present suit in equity. These mortgages, therefore, although fraudulent in law as to creditors, were, in the absence of any fraud in fact, purged of the legal fraud by delivery of the goods, and validated even as against creditors. That such is the law of this state, we must regard as settled by the decision of the supreme court in *Dobyns v. Meyer*, 95 Mo. 132, which case we certified to them for the sole purpose of finally settling this controverted proposition. ( See same case, 20 Mo. App. 66.)

In order to avoid the effect of the proposition above stated, the plaintiffs contend that it is inapplicable to the facts of this case, as the creditors here were unable to levy their writ of attachment on the goods, owing to the fact that they were at the date of the issue of the writ in the custody of the sheriff, and hence in the custody of the law. This contention is untenable both in law and in fact. When the plaintiffs' writ of attachment issued, the goods were not yet in the custody of the sheriff, and when the sheriff did take actual possession of them under the writ of replevin, his possession was the possession of Boldridge, and a dispossession of the attachment debtor. When the goods were delivered by the sheriff to Boldridge, they were clearly subject to levy under the plaintiffs' writ, even if the intermediate

possession of the sheriff was not Boldridge's possession. The plaintiffs wholly misconceive the bearing and effect of the decision in *Bates County National Bank v. Owen*, 79 Mo. 429. Goods are not in possession of the law, simply because there is some litigation touching their true ownership pending in the courts.

The plea of former adjudication is equally fatal to plaintiffs' recovery. Under our code, and its construction by the courts, a garnishment ordinarily attaches a debt only, which is owing from the garnishee to the defendant in the attachment or execution, and is unaffected by equities or conditions of contract. *Lackland v. Garesche*, 56 Mo. 267 ; *Sheedy v. Bank*, 62 Mo. 17 ; *Heege v. Fruin*, 18 Mo. App. 139. Hence, ordinarily, the rights of the creditor against the garnishee are no greater than those of the defendant in the attachment or execution would be. *Weil v. Tyler*, 38 Mo. 545. But this is not the rule in cases of fraud. *Lee v. Tabor*, 8 Mo. 322 ; *Doggett v. Ins. Co.*, 19 Mo. 201 ; *Eyerman v. Krieckhaus*, 7 Mo. App. 455 ; *St. Louis Brokerage Co. v. Cronin*, 14 Mo. App. 586. The fraudulent transferee is a mere trustee for creditors to the extent of the effects transferred to him, and his liability may be established in a garnishment proceeding. There is nothing in the facts of this case which would have prevented the plaintiffs from establishing in the garnishment proceedings their rights, if they had any, to the funds in controversy. A judgment in favor of a garnishee upon the answer is a final judgment upon the merits, and, as such, is necessarily a bar to his liability to the same plaintiff for a debt which existed, if at all, at the date of said answer.

The judgment is affirmed. All the judges concur.