IGNATZ EPSTEIN *et al.*, Respondents, v. HAMMERSLOUGH CLOTHING COMPANY, Defendants; JOSEPH LORIE, Garnishee, Appellant.

Kansas City Court of Appeals, June 15, 1896.

1. **Garnishment:** PROCEEDS OF GOODS FRAUDULENTLY SOLD TO GARNISHEE. Where a debtor fraudulently conveys his property and the transferee converts them into money, such money, as against his creditor, is the money of the grantor and is subject to garnishment in the hands of the transferee. Authorities reviewed and *Lackland v. Garesche*, 56 Mo. 267, distinguished.

2. **Appellate Practice:** DEMURRER TO EVIDENCE: ABSTRACT. The appellate court will not pass upon the action of the trial court in refusing a demurrer to the evidence unless the whole is set out in the abstract. And where, as in this case, the abstract shows some evidence on the question at issue, it can not be said that there was error in overruling the demurrer.

3. **Garnishment:** PLEADING: DENIAL: FRAUD. The denial of the plaintiff to garnishee's answer in this case is held a sufficient pleading under the statute and is not condemned by the doctrine that facts constituting fraud must be stated.

4. ————: VERDICT: HARMLESS ERROR. An instruction told the jury to return the amount of the defendant's money held by the garnishee which the evidence showed was about $35,000. The jury returned a verdict for $330, the amount the defendant owed the plaintiff. *Held,* nonprejudicial error and insufficient to reverse the judgment.

5. **Instructions.** Instructions in this case considered and held fair to the appellant.

*Appeal from the Jackson Circuit Court.*—HON. E. L. SCARRITT, Judge.

AFFIRMED.

*Lathrop, Morrow, Fox & Moore* for appellant.

(1) Garnishment is a strictly legal proceeding and does not perform the office of a bill in equity. Only legal rights can be reached by it, not equitable rights. *Lackland v. Garesche,* 56 Mo. 267; *Sheedy v. Bank,* 62 Mo. 17, 25; *Beckham v. Tootle,* 19 Mo. App. 603; *Mercantile Co. v. Bettles,* 58 Mo. App. 384; *Heineman v. Solomon,* 47 N. W. Rep. 107; *Trausch v. Ottenburg,* 54 Fed. Rep. 869; *Feary v. Cummings,* 1 N. W. Rep. 950; *Folkerts v. Standish,* 56 Mich. 453; *Jaseph v. Kronenberger,* 22 N. E. Rep. 301; *Fleming v. Baxter,* 38 Pac. Rep. 57; *Spitz v. Tripp,* 56 N. W. Rep. 330; *Ransom v. Hays,* 39 Mo. 445, 450; *Eddy v. Heath,* 31 Mo. 441. (2) Even in a case where a conveyance if attacked is fraudulent as against creditors, there must be some substantial evidence to take the case to the jury. It is not sufficient that there may be a suspicion or a conjecture of fraud. *Stokes v. Burns,* 33 S. W. Rep. 460, 462. (3) Where a sale is made by an insolvent debtor for the purpose of paying creditors, and the proceeds of the sale goes to the creditors, the

transaction can not be assailed as fraudulent. *Gens &
Tiede v. Hargadine,* 56 Mo. App. 245; *Daugherty v.
Cooper,* 77 Mo. 531. (4) Where the plaintiff seeks to
set aside a conveyance for fraud, his pleadings must set
out the facts constituting the fraud. It is not sufficient
to allege fraud in general terms or to say that the con-
veyance was fraudulent. R. S. 1889, sec. 5234; Bliss
on Code Plead., sec. 211; *Reed v. Bott,* 100 Mo. 62;
*Smith v. Sims,* 77 Mo. 273; *Williams v. Railroad,* 112
Mo. 495; *Hoester v. Sammelmann,* 101 Mo. 623;
*Mateer v. Railroad,* 105 Mo. 350; *Clough v. Holden,* 115
Mo. 352. (5) A verdict rendered by a jury in violation
of the instructions of the court will be set aside. 16
Am. and Eng. Encyclopedia of Law, p. 552; *Rafferty
v. Railroad,* 15 Mo. App. 559; *Wehringer v. Ahlemeyer,*
23 Mo. App. 277. (6) When error is shown it is
presumed to be prejudicial. Unless the record neces-
sarily rebuts the presumption of prejudice, the case
must be reversed. *Baughman v. Waterworks Co ,* 58
Mo. App. 577; *Bindbeutal v. Railroad,* 53 Mo. App.
463.

*W. S. Cowherd, W. C. Forsee,* and *I. J. Ringolsky*
for respondent.

(1) As all the evidence is not set out, this court
must presume its sufficiency to support the verdict.
*Hughes v. Vanstone,* 24 Mo. App. 642; *Pembroke v.
Railroad,* 32 Mo. App. 68. (2) Where a fraudulent
transferee of personalty has sold the property thus
fraudulently received, the proceeds in his hands
can be reached by garnishment. *Eyerman v. Krieck-
haus,* 7 Mo. App. 455; *Carville v. Stout,* 10 Ala.
796; *Lynch v. Welch,* 3 Pa. 294; *Heath v. Page,*
63 Pa. 280; *French v. Breidelman,* 2 Grant, 319;
*Hazen v. Emerson,* 9 Pick. 144; *Russell v. Lewis,*

15 Mass. 127; R. S. 1889, secs. 5170, 521; Freeman on Ex., secs. 136, 138, 141; Bump on Fraud. Con. 263, 264; Drake on Attach., 454, 464; *Lackland v. Garesche,* 56 Mo. 267, 271; *Brokerage Co. v. Cronin,* 14 Mo. App. 581; *Pepper v. Carter,* 11 Mo. 540; *Allen v. Berry,* 50 Mo. 90; *Ryland v. Callison,* 54 Mo. 513. (3) Whether a transfer is, or is not, fraudulent may be determined in garnishment proceedings upon proper issues. *Eyerman v. Krieckhaus,* 7 Mo. App. 453; *Lackland v. Garesche,* 56 Mo. 271; Drake on Attachments, secs. 458, 464; R. S. 1889, secs. 5218, 5221; Freeman on Ex., secs. 136 *et seq.; Eyerman v. Krieckhaus, supra; Franklin v. Gummersell,* 9 Mo. App. 90; *Taylor v. Jones,* 42 N. H. 25; *Gilman v. Hill,* 36 N. H. 311; *Bond v. Ward,* 7 Mass. 123; *Wellington v. Sedgwick,* 12 Cal. 469; *Beach v. Schmultz,* 20 Ill. 185; *Willard v. Rice,* 11 Metc. 493; Drake on Attach., sec. 199. (4) The garnishee was not entitled to a peremptory instruction. It was not enough that Lorie paid value for the goods. Green on Ex., sec. 141; *Daugherty v. Cooper,* 77 Mo. 531; *Arnholdt v. Hartwig,* 73 Mo. 485; *Bishop v. Schneider,* 46 Miss. 472; *Dunnica v. Coy,* 24 Mo. 167; *Rankin v. Harper,* 23 Mo. 579; *Eddy v. Baldwyn,* 23 Mo. 588; *Hame v. Wayman,* 12 Mo. 169; *Foster v. Potter,* 37 Mo. 525. (5) The plaintiff's denial is sufficient. R. S. 1889, 5170, 521; Drake on Attachment, sec. 453; *Daugherty v. Cooper,* 77 Mo. 531; *See v. Cox,* 16 Mo. 166; *Murphy v. Price,* 48 Mo. 247; *Armstrong v. Railroad,* 17 Mo. App. 403. A denial of a garnishee's answer is sufficient if it states a cause of action under the rules applicable to a petition under the code. *Groschke v. Bardenheimer,* 15 Mo. App. 357; *Bank v. Dillon,* 75 Mo. 381; *Tuttle v. Gordon,* 8 Mo. 152; *Kennedy v. Railroad,* 45 Mo. 255; *Richardson v. Farmer,* 36 Mo. 35; *Shaler v. Van Warmer,* 33 Mo. 386; *Jones v. Landerman,* 39 Mo. 287; *Kercheval v. King,* 44 Mo.

401; *Case v. Fogg,* 46 Mo. 44; *Corpening v. Sedalia,* 57
Mo. 88; *Elfrank v. Crawford,* 59 Mo. 215; *Crane v.
Railroad,* 87 Mo. 588; *Arthur v. Wheeler,* 12 Mo. App.
335; *Kenney v. James,* 50 Mo. 316; *Phelps v. Bishop,*
68 Mo. 250. (6) There was no error in refusing
instructions. *Nance v. Metcalf,* 19 Mo. App. 183; *Gaty
v. Sack,* 19 Mo. App. 470; *Martin v. Smyler,* 55 Mo.
577; *Shaffner v. Leahy,* 21 Mo. App. 110; *Sage v.
Reeves,* 17 Mo. App. 210; *State v. St. Louis B. Co.,* 85
Mo. 411; *Baum v. Fryrear,* 85 Mo. 151; *State v. Cooper,*
83 Mo. 698; *Groll v. Tower,* 85 Mo. 249; *Walsh v.
Morse,* 80 Mo. 668; *Clotworthy v. Railroad,* 80 Mo. 220;
*Wright v. City,* 18 Mo. App. 436. (7) The verdict, if
technically wrong, was harmless. *Clark v. Lunder,* 63
Hun, 663; s. c., 119 N. Y. 166; R. S. 1889, sec. 2308;
*Mitchell v. Bradstreet Co.,* 116 Mo. 226; *Green v. St.
Louis,* 106 Mo. 554; *Bindbeutal v. Railroad,* 43 Mo.
App. 463; *Acton v. Dooley,* 16 Mo. App. 441; *Priest v.
Deaver,* 22 Mo. App. 284; *Branahl v. Watson,* 13 Mo.
App. 596; *Coon v. Ins. Co.,* 104 U. S. 106; 33 Central
Law Journal, p. 358; *Frederick v. Circuit Court,* 52
Mich. 529.

GILL, J.—Prior to July, 1893, the Hammerslough
Clothing Company was engaged in the clothing busi-
ness at Kansas City, and against it plaintiffs and
others had claims for goods sold. About that date
Lorie, the garnishee and appellant, bought the Ham-
merslough stock, paying therefor $46,000, in Argentine
waterworks bonds. Lorie took possession and sold
the stock for about $35,000. Several months after the
sale from Hammerslough to Lorie, and after, too, the
goods had been disposed of by Lorie, plaintiff Epstein
instituted this action in attachment and Lorie was
summoned as garnishee. Lorie answered the usual

interrogatories by alleging that, at the date of the garnishment, he had no property, money, or effects of any kind in his hands, belonging or owing to the Hammerslough Company. To this, plaintiffs filed a denial, charging that the sale by the Hammerslough Company to Lorie was for the purpose of hindering, delaying, and defrauding the creditors of the former, and that the garnishee had notice thereof and purchased the goods for the purpose of aiding and assisting in such fraudulent design. On the issues made by the garnishee's reply, the cause was tried by a jury in the circuit court, resulting in plaintiff's favor, and the garnishee has appealed.

I.   The first and main contention of the garnishee is, that he is not subject to the process of the garnishment for the *proceeds* of property which he may have received from the attachment debtor and which property had been disposed of prior to service of the notice of garnishment. This point has been very ably presented by garnishee's counsel; and though the position taken seems to have the support of some adjudged cases, we find a very decided weight of reason and authority against it. *Hawes v. Mooney*, 39 Conn. 37; *Heath v. Page*, 63 Pa. St. 108–124; *French v. Breidelman*, 2 Grant (Pa.), 319; *Risser v. Rathbun*, 71 Iowa, 113; *Keep v. Sanderson*, 12 Wis. 352–362; *Eyerman v. Krieckhaus*, 7 Mo. App. 455; *Lee v. Tabor*, 8 Mo. 322; *Humphreys v. Atlantic Milling Co.*, 98 Mo. 542; *Holmes Organ Co. v. Petitt*, 34 Mo. App. 536, 545, 546; *Joseph Nelke & Co. v. Baldridge*, 43 Mo. App. 333–337; Rood on Garnishment, sec. 76, and authorities cited; Shinn on Att. & Gar., secs. 36, 546.

In the first case cited, it is said: "The principle upon which, in such cases, the creditor may have redress by garnishment, is that the transfer, being fraudulent, is, as against a creditor, void; and although

the title may pass to the fraudulent grantee, as between the parties, yet, as against a creditor, the grantee may be treated as mere trustee and bailee of the goods. But in the case under consideration, the goods had been sold by the defendant (garnishee) before he was factorized, and the defendant's counsel make the point that the proceeds of the sale are not liable to be taken by this process. But it is difficult to see any sound distinction between the goods themselves and the proceeds of their sale. If the transfer of the goods may be treated by a creditor as void, and the transferee treated as having in his hands the *goods* of the debtor, then, following out the rule, the *proceeds* of the sale of the goods are, as against a creditor, the debtor's *moneys* in the defendant's hands.''

We find only one case in the Missouri decisions where this exact question was presented and that was passed on by the St. Louis court of appeals in *Eyerman v. Krieckhaus, supra*. In that case Eyerman, the creditor of a corporation, sought to reach by garnishment process the proceeds arising from a sale by the garnishee of certain shares of stock which the garnishee had fraudulently received from the corporation and had, before the notice of garnishment, sold for cash. The garnishee there, as here, contended that the demand, if anything, was of an equitable nature; and that, therefore, it could not be litigated in a garnishment proceeding, which is strictly legal. In answer, the court said: ''The point is not well taken. The ground of the plaintiff's claim is that there was a *fraudulent* transfer to the defendant (garnishee) of the corporation's assets. It has been repeatedly held by our supreme court that the validity of such a transaction may be tried in garnishment proceedings in a court of law. *Lee v. Tabor*, 8 Mo. 322; *Lackland v. Garesche*, 56 Mo. 267.''

And further on, in speaking of the exceptions to the rule that a creditor acquires only such rights against the garnishee as the defendant had at the date of garnishment, this language is used: "Another exception equally pertinent applies to fraudulent transfers of property by the defendant in execution to the garnishee. The debtor may have no right of recovery, but his creditor may yet hold the garnishee. *Lamb v. Stone*, 11 Pick. 527. * * * The defendant (garnishee) was not a stockholder when the execution issued, nor at any time afterward. But by a technical collusion with the directors, he had become possessed of assets which the law holds sacred for the protection of creditors, and had realized a profit from their conversion. He might, therefore, be held a debtor of the corporation in his relation to the fund which creditors have a right to pursue. * * * We are of the opinion that the circuit court erred in sustaining the defendant's demurrer to the evidence, and that the plaintiff was entitled to recover upon the undisputed facts of the case."

It is true that garnishment is a mere statutory, legal proceeding, extending only to legal assets and intercepting only legal credits. But such is the character, as we understand it, of the money arising out of the sale of the debtor's property acquired by the transferee, while aiding to cheat and defraud the debtor's creditors. The statute declares such transfers, "made or contrived with the intent to hinder, delay, or defraud creditors," shall be taken and deemed, as to such creditors, "clearly and utterly void." R. S. 1889, sec. 5170. As to the creditors, then, of the fraudulent vendor, the property so conveyed and found in the possession of the fraudulent vendee, remains the debtor's property and subject to the claims of his creditors. And if, before the property can be reached

and levied on, the fraudulent vendee shall convert the same into money, then such creditors ought to be allowed to reach the fund as a debt owing to their debtor, although *he* could not.  So the supreme court of Pennsylvania said in 2 Grant, 319:  "It is certainly true that the money received by him for the part sold is not legally a *debt* due by him to the fraudulent vendor, for the law will not help to enforce the fraud; but in the intention of the parties, it is a debt, and the creditors may treat it as such and attach it."

The statute provides that:  "Notice of garnishment served, etc., shall have the effect of attaching all personal property, *money*, etc., of the defendant in the garnishee's possession, or charge, or under his control, at the time of the service of the garnishment."  R. S. 1889, sec. 5221.  And further, "If upon such trial it shall appear that property, effects, or money of the defendant are in the hands of the garnishee, the court or jury shall find what property or effects, and the value thereof, or *what money*, are in his hands."  And unless he deliver over the same as provided "then the court shall enter up judgment against the garnishee for the proper amount or value, as found in money," etc.  R. S. 1889, sec. 5235.  The personal property, while held in kind by the fraudulent vendee, is clearly, as to *creditors*, the property of their debtor (the fraudulent vendor).  And so with the *money*.  If the fraudulent vendee shall have sold the property, it is within the meaning of this statute the money of the fraudulent vendor.  We think it was the clear intent of the garnishment statute, not only to lay hold of all moneys in the hands of the garnishee which might be recovered by the attachment defendant, but as well to reach all moneys which such garnishee might have, by reason of the sale of property conveyed to him in fraud of the creditors of such defendant.  *As to these defrauded*

*creditors*, such funds are the moneys of their debtor.

*Lackland v. Garesche*, 56 Mo. 267, cited and relied on by garnishee's counsel, does not sustain their contention. In that case Garesche occupied a very different position from that of one holding property of the defendant under a transfer or conveyance, fraudulent and void as to creditors. Garesche held the property or rents sought to be reached by garnishment under the terms of a complicated, unassailed trust. The validity of the instrument creating the trust, or even the trust itself, was not attacked in any way; it was not claimed to be void as to creditors; no such issue was in the case. The court said: "Under this view, it was simply an attempt to draw an exclusive equity jurisdiction into a court of law, by means of the statutory process of garnishment in attachment suits. The court undertook to call a trustee of a pure express trust to account, and to enforce the performance of his duties as trustee in a trial of an issue at law by a jury," etc. The court there clearly drew the distinction between cases of that kind, and that we have here. "It is competent," says Judge ADAMS, "under our statute, to summon a fraudulent assignee of property and effects, and compel him to disgorge in favor of a creditor. For, when such issue is found in favor of the creditor, *no trust exists*, and the property or effects can be delivered over without any trouble to satisfy the debt. * * * But nothing of that kind appears in this case. * * * What we decide is, *that if this trust was not fraudulent as to the creditors* of Smith, the plaintiff has mistaken his remedy."

Garnishee's counsel have referred us to some adjudications (particularly those from Michigan) which lend some support to their contention. We are, however, better satisfied with the authorities before cited, since they more nearly coincide with the holdings

of our own state courts, and tend to give reasonable effect to our garnishment statute.

II. It is next contended that the court ought to have given a peremptory instruction for the garnishee. In answer to this, it is sufficient to say, that the appealing garnishee has not presented in his abstract the entire evidence adduced at the trial. The presumptions in this respect are all in favor of the action of the trial court; and hence it has been uniformly ruled, that before the appellate court can be successfully called on to declare that there was no evidence to justify a submission to the jury, the whole of the evidence should be set out in the abstract. On the face of the abstract now before us, it is shown that evidence conceded to be material was omitted. For example, a former deposition of the garnishee himself was introduced, but in the abstract there is a bare mention of this, without setting out any portion thereof. It will not do to allow appellant's counsel to cull over the record and present such evidence as they may think pertinent or material; the entire evidence must be set out, so that this court may, for itself, determine its materiality and probative force.

In addition to this, we are not prepared to say that the evidence contained even in the abbreviated abstract, was not sufficient to take the case to the jury. In order to hold the garnishee, it was incumbent on the plaintiffs to satisfy the jury of the existence of two propositions: *First*, that in the sale of the goods, the Hammerslough Company intended thereby to hinder, delay, or defraud its creditors; and, *second*, that the garnishee at the time had notice of such intent. And if there was such fraudulent design on the part of the vendor and knowledge thereof by the vendee, the sale was void as to creditors, even though a full consideration was paid. The trial court ruled that there was

evidence tending to sustain the foregoing charges, and even in the light of this abstract, supplemented as it is by some additional matter by plaintiffs, we can not say that it erred.    There appears some evidence tending to prove that the Hammerslough Company intended, by the sale, to get an unfair advantage of its creditors, and that the garnishee had knowledge, at the time, of such intent.    While it is true that an insolvent debtor may, in good faith, sell his property for the sole purpose of paying his debts, and that such sale will be protected ( *Gens v. Hargadine*, 56 Mo. App. 245), yet it is often a debatable question as to whether or not such was the purpose of the debtor in making the sale. And so it is here; it is at least doubtful if that was the sole and only purpose of the insolvent vendor in transferring its property to this garnishee.

So, then, in any view of the case, we can not say that error was committed in overruling a demurrer to the evidence.

III.    Garnishee's counsel further contend that plaintiff's denial of the answer is not technically good; because, it is said, it does not sufficiently and specifically allege the *facts* relied on to constitute a fraudulent conveyance from the Hammerslough Company to Lorie. We think there is no merit in this contention.    The purpose of a pleading is merely to advise the opposite party of the exact nature of the charge or defense, so that such party can prepare himself to meet it.    In this case the garnishee, by his answer to the interrogatories, alleged that he owed the defendant Hammerslough Company nothing, and had no property, money, or other effects of said company in his hands.    Thereupon plaintiffs filed a denial; which, after alleging the facts that said Hammerslough Company had a large stock of clothing, etc., and that Lorie had certain waterworks bonds, further stated: "That the Ham-

merslough Clothing Company, through its officers, transferred said stock of goods for said bonds to Joseph Lorie, for the purpose of hindering, delaying, and defrauding the creditors of said Hammerslough Clothing Company, and were accepted, received, and purchased by said Joseph Lorie with knowledge of the intent and purpose of the Hammerslough Clothing Company and its officers in so selling said stock of goods, and said garnishee, Joseph Lorie, so received and purchased said stock of goods for the purpose of aiding and assisting the Hammerslough Clothing Company and officers to hinder and delay its creditors, including the plaintiffs in the above entitled cause." And to this the garnishee filed a reply specifically denying these allegations of fraud and alleging his own good faith in making the purchase.

These pleadings made the issues clear and distinct, and they were involved in the two propositions, viz.: Did the Hammerslough Company transfer said goods to Lorie, with the *intent* on its part to delay, hinder, and defraud its creditors; and if this was true, then did Lorie purchase the same, knowing of such intent on the part of his vendor. This *intent* of the Hammerslough Company to cheat or defraud its creditors, if shown to exist at the time, along with Lorie's knowledge, made plaintiff's case. A clear right of recovery then belonged to the plaintiffs, based on our law of fraudulent conveyances (Revised Statutes, 1889, section 5170), wherein it is provided that a transfer of property "made or contrived with the intent to hinder, delay, or defraud creditors, etc., * * * shall be from henceforth deemed and taken, as against said creditors, * * * to be clearly and utterly void."

In the case at hand, the whole controversy turned on the *intent* of the sale from the clothing company to the garnishee—that is, whether done to delay, hinder,

or defraud its creditors—and then, whether or not said purchaser had knowledge thereof. This *intent* and knowledge were the ultimate facts to be proved, and they were clearly pleaded. In order to prove this intent, the pleader was entitled to show all the circumstances, the conduct of the parties, etc., but they were not required, under any rule of pleading—particularly in an action based on a statutory right—to set out all their evidence. The garnishment statute requires the plaintiff in his denial to set out "the grounds upon which a recovery is sought against the garnishee." And this, we think, the plaintiff did, by the pleading in question.

The authorities cited by garnishee's counsel do not condemn this pleading. They simply assert the doctrine announced in Bliss on Code Pleading (section 211) that: "In alleging fraud, it will not suffice to say that the party fraudulently procured, or fraudulently induced, or fraudulently did this or that, or that he committed or was guilty of fraud; the facts which constitute the fraud must be stated." This we concede to be the correct rule; but we regard the plaintiff's denial, when considered in the light of the statute before referred to, as stating all the facts necessary to make their case against the garnishee.

IV. The court, in effect, instructed the jury that if they found the issues of the garnishment in the plaintiff's favor, then they should state in their verdict the amount of money held by the garnishee, as proceeds of the sale of the property in dispute. The goods, it seems, were sold by Lorie for about $35,000. The jury, however, while finding for the plaintiffs, stated in the verdict that "at the time of the service of the writ of garnishment herein, the said garnishee was possessed of the money of, or was indebted to, the Hammerslough Clothing Company in the sum of $333." In other

words, the jury made a finding for the amount of plaintiffs' claim against the Hammerslough Company, in place of stating the total sum which the garnishee had in his possession. And this forms the basis of another complaint by garnishee's counsel. It is said that the jury disobeyed the court's instruction, and that for this reason there should be a new trial of the cause.

Unquestionably, the jury, in their verdict, should have named the entire sum ($35,000) as the amount chargeable against the garnishee, since that was the sum of money, according to the jury's finding, which the garnishee held subject to the claim of the Hammerslough creditors. Following this, it would then have been the duty of the court, on the garnishee's failure to pay the same, or such portion thereof as the court might order, to satisfy plaintiffs' demand, to enter up a judgment against the garnishee for $333 (the amount of plaintiffs' claim). R. S. 1889, secs. 5224, 5225, 5235. Instead of this, the jury returned a verdict which fixed the amount as held by the garnishee at $333 (which was the amount to which plaintiffs were entitled) rather than $35,000, the total and correct amount.

While now the verdict was not in strict compliance with the statute, it is clear that the error did not prejudice the garnishee. It had no effect whatever on the judgment—that stands the same now as it would if the jury had said that the garnishee had in his possession $35,000 instead of the $333, of the defendant's money. The jury, by their verdict, in effect stated that the garnishee had sufficient funds of the Hammerslough Company to pay off the $333 owing to the plaintiffs; and this was the amount which the garnishee was ordered to pay into court, and which, on his refusal, the court adjudged in plaintiffs' favor. Though the verdict was, to an extent, erroneous, still the error was unsubstantial and did the garnishee no possible injury. We are

admonished by the statute "at every stage of the action, to disregard any error or defect in the pleadings or proceedings, which shall not affect the substantial rights of the adverse party; and *that no judgment should be reversed or affected by reason of such error or defect."* And, further, it is made our duty to reverse no judgment of any court unless we "shall believe that error was committed by such court against the appellant or plaintiff in error, and materially affecting the merits of the action." R. S. 1889, secs. 2100, 2303.

V. In the foregoing pages we have passed on every question raised in garnishee's "points and authorities." In addition, however, to these several objections, counsel have, in course of a printed argument, made some complaints as to the court's action in giving and refusing instructions. We have carefully gone over all these instructions and can discover no just cause for such complaints. Although the questions at issue were few, yet the court was asked to pass upon —give or refuse—some twenty-nine instructions, eight requested by plaintiffs and twenty-one by the garnishee. Of these the court gave all those asked by plaintiffs, five of those requested by garnishee, and also gave five, with some slight modifications. In addition to these, the court gave, of its own motion, some instructions relating to the form of the verdict, etc.

It is enough to say of the instructions given that they correctly covered every substantial matter involved in the trial. If subject to any criticism at all, it was for multifariousness and because they included needless repetitions. The instructions given were exceedingly fair to the garnishee.

We discover then no substantial error in the record and the judgment of the circuit court will be affirmed. All concur.