KUH, NATHAN & FISHER, Appellants, v. JAMES GARVIN,
Defendant; ALLEN *et al.*, Interpleaders,
Respondents.

### St. Louis Court of Appeals, February 14, 1893.

Appeals: JURISDICTION. The supreme court has jurisdiction of an
appeal by an attaching creditor from a judgment in favor of an inter-
pleader in a suit by attachment, if both the value of the property
attached and the aggregate of the demands of the several attaching
creditors exceed $2,500; and this, though the demand of the appellant
alone is less than that sum.

*Appeal from the Lawrence Circuit Court.*—HON. M. G.
McGREGOR, Judge.

TRANSFERRED TO THE SUPREME COURT.

BIGGS, J.—An examination of the record in this
case has led us to the conclusion that we are without
jurisdiction by reason of the amount in dispute.

The plaintiffs brought an attachment suit against
the defendant Garvin, and the sheriff attached a stock
of goods as his property. Subsequent writs of attach-
ment were sued out by other creditors, and placed in the
hands of the sheriff for execution against the same
property. Prior to the first levy, the defendant exe-
cuted eight chattel mortgages of the same date, in
which the same goods were conveyed to the respond-
ents to secure certain debts, alleged to be then due
from Garvin to them. The respondents filed their
interplea in the plaintiff's case, claiming to be the
owners and entitled to the possession of the goods
under the mortgages. The sheriff sold the stock
under an order of court made in the several attach-

ment suits, and realized from the sale $5,426.85. The plaintiff's debt amounts, without interest, to $1,886.23, and that of the other attaching creditors to $1,320.95, making a total of $3,207.18. On the trial of the interplea, the finding was in favor of the interpleaders. As the aggregate of their debts exceeded in amount the proceeds of sale in the hands of the sheriff, the entire fund was ordered to be paid to them according to priority. The special interest of the sheriff in the fund, exclusive of interest and costs, amounts to $3,207.18. This, we think, is the amount in dispute.

The case of *Humphreys v. Milling Co.*, 98 Mo. 542, presented quite a similar state of facts. There the defendant Judson held the sum of $9,818.24 in trust for certain creditors of the Atlantic Milling Company, known as creditors of the "new running." Humphreys was one of the secured creditors to the extent of $2,046. He brought his action in equity for the appointment of a receiver to take charge of the fund, and that he be paid out of it the amount of his debt. He alleged that the transaction with Judson was to hinder and delay creditors. The supreme court compelled this court by *mandamus* to certify the case, upon the ground that more than $2,500 was in dispute.

On the question of jurisdiction we can see no difference between that case and this. We will, therefore, order the clerk of this court to send to the clerk of the supreme court the transcript and other papers filed in this cause, together with a copy of this opinion. All the judges concur.